By the Court. Bosworth, J.
This action is brought to recover the value of certain “gas fixtures” and of “seventy stools.”
Such articles, when placed by a tenant in a demised building during his term, are his property. If not removed by him *366 during the term, they do not, for that reason, cease to be his property. He may remove them after his term expires without subjecting himself to any damages for such removal, even though he be liable to an action of trespass for'an entry on the demised premises. He may mortgage them during his term by a personal mortgage, and they may be levied upon by an execution issued on a judgment, recovered against him. (Holmes v. Tremper, 20 J. R. 29; Reynolds v. Shuler, 5 Cowen, 323; Smith v. Jenks, 1 Coms. 96; Farrar v. Chauffette, 5 Denio, 527; 2 R. S. 24, § 6, sub. 4, 2d ed.)
The answer avers, and on the trial the defendant offered to prove, that on the 25th of May, 1850, these articles were owned by Stewart & Patterson, and that the plaintiff never owned them, ndr had any interest in them. That Stewart & Patterson, on the day last named, mortgaged them to Newcomb; that the mortgage was duly filed, and that Newcomb, as such mortgagee, took and removed them after the hiring of the store by the defendant.
We are of the opinion that these facts, if proved, assuming the mortgage to be valid, as we must do for all the purposes of this motion, would constitute a defence to the plaintiff’s. action.
If such were the facts, thp articles were taken from the defendant by paramount authority. They were taken by the true owner, in the exercise of his rights of absolute property. Such a taking discharges the defendant from his promise to return them to the plaintiff, who is thus shown to have had no interest in them, ’and to have no right to require the defendant to return them after they have been taken by one from whom neither the plaintiff nor the defendant has any right or power to reclaim them. (Edson v. Watson, 7 Cowen, 278.)
• If this could be regarded as a taking by process of law, within the meaning of those terms as used in the agreement or lease of June 7,1850, the damages to which the defendant would be liable for not having given notice of the taking, would be nominal only, if the facts were as the defendant alleges them in his answer.
The complaint doés not aver any breach of the contract arising from the defendant’s neglect to give the notice. The complaint seeks to charge the defendant with the yalue of the *367 property, on the grounds that he has not returned it as he promised to do, hut that, on the contrary, he has removed it from the premises.
The defendant should have been permitted to prove that these articles were the property of Stewart & Patterson on the 25th of May, 1850, and that on that day they mortgaged them by a valid personal mortgage to Rewcomh.
If he gave such evidence of these facts as would justify a jury in' finding them in his favor, the only question that would remain in the case, as it is now presented to us, would he, were they taken away by the mortgagee in the exercise of his rights as mortgagee ? Or were they, in fact, removed by the defendant ?
If the removal was in substance and in fact made by the defendant, and the allegation of their having been removed by the mortgagee is a mere pretence, and what the mortgagee said and did was said and done at the instance of the defendant, and as a mere cover for his intended failure to perform his contract with the plaintiff, he would he liable for the value of the articles, if they were intended by the parties to he embraced in their agreement of the 7th of June.
If they were delivered by the plaintiff into the possession of the defendant under that contract, and accepted by the latter under it, we think the defendant would he bound to return them, unless he can justify his omission to do so by proving the facts alleged in his answer. (Demick v. Chapman, 11 J. R. 132; Cook v. Howard, 13 ed. 276; Hammer v. Wolsey, 17 Wend. 91.)
If the removal was in reality the act of the mortgagee, any mere assistance and aid rendered by the defendant, at his request, which any third person might justifiably and properly have rendered at the like request, and necessary to secure the removal of the goods, would not render him liable to the plaintiff, if, on and at such removal, the mortgagee reduced them to possession, and took the actual control of them as such mortgagee.
In an action of trespass for wrongfully taking personal property from the possession of the plaintiff, it has been held to be no defence to the action, that it belonged to a third person; *368 and that in such a case the plaintiff is entitled to recover its full value. In Otis v. Jones, 21 Wend. 394, it was held that the defendant could not justify such tortious taking or mitigate damages, by showing that he subsequently caused it to be levied upon and sold upon an execution in his own famor against the plaintiff.
In 24 Wend. 379, Higgins v. Whitney, it was held that in such a case, the defendant might prove in mitigation of damages, that subsequent to the unlawful taking, it was seized on an execution in favor of a third person against the plaintiff. The same point was expressly decided in Perry v. Chandler, 2 Cush. 237; Squire v. Hollenbeck, 9 Pick. 551; and Kaley v. Shed, 10 Met. 317.
These cases were decided on the principle that the property had gone to the plaintiff’s benefit, as much as if they had been returned and accepted, and that such application, under such circumstances, operated to the same extent in mitigation of damages.
If such facts will exempt a trespasser, who has illegally taken goods from the true owner, from a liability to more than nomi. nal damages, it is difficult to perceive on what principle a party, who has taken goods from the possession of one who has no interest in them, and with his consent, though on an absolute promise to return them by a day named, may not excuse the non-performance of his promise to return them, by proof, that, in fact, they were owned by a third person, who, in the exercise of his rights of ownership, has taken them into his own possession, and put it out of the power of the defendant to restore them.
It is tfue the defendant’s contract is broken. But in judgment of law the breach of it is no damage to the plaintiff". He had, in fact, no right to have the possession of the goods. The person having the right of property and the right of possession, has taken the goods from the defendant. This he had a right to do, and neither the defendant nor the plaintiff could lawfully prevent it. Such facts, if satisfactorily established, would constitute a defence. The verdict must be set aside, and a new trial granted, with costs to abide the event.