(4 Misc. Rep. 429.)
## WILSON v. CUMMINGS.

(Superior Court of New York City, General Term. July 3, 1893.)

TROVER AND CONVERSION—POSSESSION BY DEFENDANT—EVIDENCE.
> In an action for conversion of mirrors claimed by plaintiff under a chattel mortgage, it appeared that the mirrors were in different apartments of a building occupied by tenants of defendant's predecessor in title, defendant having purchased the building at a sale under a mortgage. Afterwards, some of the tenants moved out, and defendant, with notice of plaintiff's claim, relet the apartments, with the mirrors in them, to other tenants. *Held,* that it was error to dismiss the complaint on the ground that plaintiff did not show that defendant was in actual possession of the mirrors.

Appeal from jury term.

Action by James G. Wilson against Richard Cummings. From a judgment dismissing the complaint on the merits, and from an order denying a motion for a new trial, plaintiff appeals. Reversed.

Argued before FREEDMAN and GILDERSLEEVE, JJ.

· F. Forbes, for appellant.
Arnoux, Ritch & Woodford, for respondent.

FREEDMAN, J. The complaint having been dismissed at the trial upon plaintiff's proof, and by reason of the failure of the plaintiff to establish that the defendant was in the actual possession of the chattels, for the conversion of which this action has been brought, the dismissal, if otherwise proper, should not have been upon the merits. A review of the whole case has satisfied me, however, that the complaint should not have been dismissed at all. Under the chattel mortgage, plaintiff's title and right to immediate possession of the mirrors were complete. The mirrors were simple chattels, and the foreclosure sale of the real property to the defendant conveyed to him no right to or interest in the said mirrors. McKeage v. Insurance Co., 81 N. Y. 38. Moreover, the plaintiff gave public notice of his claim at the foreclosure sale. Now, it may be conceded that the defendant did not become liable for a conversion of the mirrors simply because he purchased the premises, and subsequently refused to deliver up the mirrors on plaintiff's demand. Plaintiff was bound to prove, as part of his case, that, prior to the demand made, the mirrors, or so many of them as he sought to recover for, had come into the possession of the defendant, or that

the defendant had wrongfully taken them prior to the commencement of the action. At the time the defendant acquired title to the premises the mirrors were in different apartments in the building, occupied by tenants to whom the apartments had been let by defendant's predecessor in title together with the mirrors, and these tenants attorned to the defendant as their landlord. As long as these tenants remained in possession during their respective unexpired terms, the defendant could not, and in fact did not, acquire possession of the mirrors. If, therefore, the proof ended here, there would be no liability on the part of the defendant. But there was evidence to the effect that some of these tenants shortly thereafter removed from their apartments, and that thereupon the defendant, through an agent, relet the said apartments to other tenants, together with the mirrors in them. Further evidence which plaintiff desired to give upon this point was excluded by the trial judge, against plaintiff's exception. It must therefore be assumed that, if he had been permitted, the plaintiff would have fully established the point. The proof would then have been sufficient to show that the defendant took possession of the mirrors of these particular apartments, and assumed and exercised control and dominion over them, to the exclusion of plaintiff's rights, although he had notice of them, and to this extent a conversion would have been established, within the authorities, irrespective of the demand which was made upon the defendant. The judgment and order should be reversed, and a new trial ordered, with costs to appellant, to abide the event.