MARY TALBOT, Appellant, *v.* STEPHEN VAN RENSSELAER CRUGER and Others, Respondents.

*Acquiescence by an agent of a landowner, in a tenant's statement as to the owner-ship of a house thereon — neither owner nor agent estopped thereby — lessee of real estate — when his right to remove fixtures put there by him is lost.*

The acquiescence of the agent of an owner of land in the statement of a tenant that she owned the building thereon, is at best an admission. Such admission would not prevent such agent, or the owner of the land, from denying that such person was the owner of such building, or from offering evidence in support of the contention that she was not such owner, in an action in which the owner-ship thereof is involved.

An agreement by the owner of the fee of land with a person who has built a house thereon that it is to remain personal property, only determines the rights of those interested in the agreement as of that date. Such agreement may tend to show that such arrangement was continued, but can be in no way conclusive as to the relative rights of the owner of the fee, and a person claim-ing to own such house after a change in the tenancy of the realty and the transfer of his interest in the house by the builder thereof.

If the lessee of real estate who owns a house erected thereon takes a lease, either verbal or in writing, for a subsequent year, without expressly reserving her right in the house and her right to remove the same at the end of her tenancy, the acceptance of such lease will operate, as a matter of law, as a surrender of her ownership in such house.

If a tenant, having the right to remove fixtures erected by him on demised premises, accepts a new lease of such premises, including the buildings, with-out reservation or mention of any claim to the buildings, and enters upon a new term thereunder, his right of removal is lost, notwithstanding the fact that his actual possession has been continuous.

A lease of land and premises carries with it the buildings and fixtures on the prem-ises, and a tenant accepting a lease of premises, without excepting from the effect thereof the buildings thereon, takes a lease of the land with the buildings and fixtures, acknowledges the title of the landlord to both, and is estopped from controverting it.

The law presumes that buildings, erected by one person on the land of another, become part of the realty and pass with the conveyance of the land, unless by the agreement of the respective owners they are to be regarded as personal property.

APPEAL by the plaintiff, Mary Talbot, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of New York on the 30th day of May, 1894, upon the verdict of a jury, rendered by direction of the court after

a trial at the New York Circuit, dismissing the plaintiff's complaint upon the merits.

*J. E. Hands*, for the appellant.

*Stephen Philbin*, for respondent Coffey.

*Henry H. Man*, for respondents Cruger and others.

O'BRIEN, J.:

The action is brought to recover damages alleged to have been sustained by the plaintiff through the fraud and deceit of the defendants in procuring from her a surrender of her house by falsely representing to her that the paper presented for execution and which she signed was a lease of the land, whereas in fact, as the defendants knew, it was a surrender of the house to the defendant Coffey. The testimony shows that the defendants Cruger and McVicar were partners and were acting as agents to collect the rents of certain property of Mrs. Fields; that the defendant Coffey purchased three lots at a sale ordered by this court on May 7, 1891, the referee's deed bearing date June 8, 1891. The plaintiff, who was in possession as a yearly tenant since 1888, claimed the ownership of a frame house and some sheds erected on the premises; and all the damage claimed resulted from the procuring by the defendants, as she alleges, of a release of her rights in and to the frame building, and in removing her from the premises and denying her the right to remove the buildings upon other land.

The plaintiff claims no interest in the land itself, and it is clear that if she was not the owner of these buildings at the time she was removed, or the steps were taken to prevent her removing the building, from which she claimed damages flowed, she could recover nothing. It was, therefore, essential to plaintiff's cause of action that she should prove that the house was by agreement personal property and belonged to her. This she sought to do by saying that she owned the house, and that the defendants Cruger & Co., the agents of the owner of the land, knew and admitted that she was the owner. Her statement was a mere conclusion, and the acquiescence of the agents in her statement made to them that she was the owner was at

best but proof of an admission on their part, which would not, however, prevent them or the owner of the land from denying that she was such owner, or offering evidence in support of their contention that she was not such owner.

Apart from such evidence, it was sought to be shown that some twelve years ago one Hyland built the cottage or frame building under some arrangement with a Mr. McKesson, who at that time represented the owner of the fee. This arrangement was in writing, and the witness was not permitted to state its terms, although a foundation was laid for parol evidence of the contents of the agreement by showing that the written agreement itself was lost. This ruling would have been a fatal error if material upon the question of ownership. But if we assume the view most favorable to the plaintiff, that by the terms of such arrangement the owner of the fee agreed with the person who built the house that it was to remain personal property, this would but fix the rights of those interested in the agreement as of that date and might be the basis for showing that such an arrangement was continued, but could be in no way conclusive as to the rights of the parties here, in view of the conceded change in the tenancy of the property and the transfer of any interest in the house, either by sale to the plaintiff or by the removal of Hyland from the premises prior to the rights of the parties to this controversy being fixed.

The plaintiff attempted to show that she purchased the house at sheriff's sale, by producing the auctioneer's receipt for the amount paid. This was objected to upon the ground that sufficient foundation had not been laid by proof that it was pursuant to a judgment and execution, although some evidence was given that the original judgment and execution could not be found, and secondary evidence of entries in the court records was offered to prove such facts. Here again we think that the rulings bore rather severely upon the plaintiff; but again assuming that what was sought to be proved was proved, viz.— that at a sheriff's sale, under a valid judgment and levy and execution, the plaintiff did purchase the house — another link in the chain of proof was essential to show her ownership at the time she was induced, as she claims, by fraud to sign the release or surrender all her interest, from which flowed all the damages that she here seeks to recover. In other words, assuming that

she became the owner of the house in 1888, the fact of her taking a lease for the subsequent years, whether verbal or in writing, without expressly reserving her right in the house and her right to remove the same at the end of her tenancy, would operate as matter of law as a surrender of her ownership. As said in *Loughran* v. *Ross* (45 N. Y. 792, head note) : " If a tenant, having the right to remove fixtures erected by him on the demised premises, accepts a new lease of such premises, including the building, without reservation or mention of any claim to the buildings, and enters upon a new term thereunder, the right of removal is lost, notwithstanding his actual possession has been continuous." And in the course of the opinion it is said : " Elementary writers are very well agreed that when a tenant continues in possession under a new lease or agreement, his right to remove fixtures is determined, and he is in the same situation as if the landlord, being seized of the land with the fixtures, had demised both to him." It is conceded that the plaintiff was a tenant from year to year since 1888, and her omission to reserve the ownership of the house would have waived her claim and raised a conclusive presumption that she had parted with her property therein, for, as said in another part of the opinion from which we have quoted (*Loughran* v. *Ross*), " a lease of land and premises carries with it the buildings and fixtures on the premises, and the tenant accepting a lease of the premises without excepting the buildings, takes a lease of the land with the buildings and fixtures and acknowledges the title of the landlord to both and is estopped from controverting it." Upon the trial it was not shown whether the plaintiff's lease was in writing or by parol, but whether one or the other, it did not appear that there was any agreement made between the plaintiff and defendants by which, under her last renting of the premises, she reserved the ownership of the buildings or the right to remove them on the expiration of her term.

It will thus be seen that there was a failure of proof on the part of the plaintiff to sustain the first essential fact upon which her whole case necessarily must rest. That the defendants Cruger & Co. thought that she had some interest in the house clearly appears, not only from the correspondence between the parties, but from the fact of the efforts that they made to procure the release. But this impression or notion entertained by them as to plaintiff's

ownership did not establish the fact, nor estop any one from asserting the contrary; and even though we assume that there was sufficient evidence to warrant a submission of the question of fraud in procuring the release to the jury, no advantage could accrue to plaintiff therefrom, because, no matter how much she may have been deceived in giving the release, she was in no way damaged if we are correct in our view that upon the evidence she made out no case showing ownership in the house. In other words, no matter how her signature to the paper called the release or surrender was obtained, it could not have damaged the plaintiff except in the event that she had an interest in the house which she surrendered or released. In view of the rule of law which presumes that buildings, if erected by one person on the land of another, become part of the realty, and pass with the conveyance of the land, unless by the agreement of the respective owners they are to be regarded as personal property, and the other rule to which we have adverted, that if a tenant having the right to remove the house accepts a new lease of the land without reservation of or making claim to the building, his right of removal is lost even if his possession has been continuous; and in view of plaintiff's failure to bring herself within the exception to this rule by evidence showing not only original ownership in her of the house, but that in her continuous possession and tenancy from year to year this separation was preserved, and her right to regard it as personal property not lost, she has failed to produce the proof of ownership essential to maintain her action.

Upon this ground of such failure we think the direction was right, and that the judgment should be affirmed, with costs.

VAN BRUNT, P. J., and FOLLETT, J., concurred.

Judgment affirmed, with costs.