(22 Misc. Rep. 344.)

## SMUSCH v. KOHN.

(Supreme Court, Appellate Term. January 17, 1898.)

1. LANDLORD AND TENANT—FIXTURES.

Ordinary movable fixtures put into a store by a tenant for trade purposes, such as chandeliers, show cases, and cabinet partitions, removable without material injury, do not pass to the landlord by the act of renewing the term.

2. SAME—EXPULSION—SUMMARY PROCEEDINGS—ABANDONMENT OF PERSONALTY.

A tenant, when ejected from the demised premises by compulsion of the warrant in summary proceedings, has a reasonable time thereafter within which to move away his personal property before being held to have voluntarily abandoned it.

3. TROVER—CONVERSION BY LANDLORD.

If, without right, a landlord detains property of a dispossessed tenant, which forms no part of the realty, trover is a proper remedy, and his refusal to surrender possession of the chattels to the tenant on demand is evidence in favor of the tenant's assignee thereof of their conversion.

Appeal from Fifth district court.

Action by Benjamin Smusch against Sander Kohn. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

J. Warren Lawton, for appellant.
S. Feuchtwanger, for respondent.

McADAM, J. The action is in trover to recover for the conversion of one bevel glass cabinet partition, two brass chandeliers, and a show case. The facts are substantially as follows: The premises No. 1048 Second avenue, in which the property was contained, belong to the defendant. George F. Bolz was a tenant of the premises, and carried on the oyster business there from 1889 till 1892. He had the articles made and put in the premises for his own benefit and purposes, and on his own account, without reference to the interests of the freehold. The glass cabinet, as the plaintiff describes it, was an ornamental mahogany partition, containing three bevel glasses and a colored glass on the door. Bolz, on March 16, 1892, sold his lease and the chattels in question to Charles Seipp. On February 18, 1895, the defendant gave Seipp a new lease of the premises for five years from May 1, 1895. On September 9, 1897, Seipp sold the lease and store fixtures to Frank Schwager, and the latter, on October 2, 1897, transferred them to J. Goldsmith. On October 4, 1897, Goldsmith sold the store fixtures at an auction sale held upon the premises, and the plaintiff became the purchaser thereat. On October 5, 1897, the tenant and undertenant were dispossessed, and the defendant took possession of the premises, and put a padlock on the door; so that, when the plaintiff went for his property, he failed to obtain possession of it. Demand was thereupon made on the defendant for the chattels, but he refused to give them up, claiming that they were his own. The evidence satisfactorily shows that the articles were put in the premises by Bolz, and were transferred by him to Seipp, and title thereto passed by the subsequent transfers to the plaintiff prior to the demand upon the defendant for the property,

unless, as claimed by the defendant, the renewed lease given by the defendant to Seipp in 1895 made such transfers inoperative. The defendant bases this claim upon Loughran v. Ross, 45 N. Y. 792; Talbot v. Cruger, 81 Hun, 504, 30 N. Y. Supp. 1011, affirmed 151 N. Y. 118, 45 N. E. 364; Watriss v. Bank, 124 Mass. 571; and McIver v. Estabrook, 134 Mass. 550,—but it will be found that these cases relate to buildings erected by the tenant, or to bank vaults and such like permanent and substantial structures put up by him, which became appurtenant to the land, and consequently an incident of the subject-matter rehired as part of the premises and their appurtenances. They do not concern ordinary movable chattels, which retain their distinctive character as personal property, in reference to which a different rule—one much more liberal to the tenants—prevails. Wait, Act. & Def. 368, 372. The court of appeals, in Lewis v. Pier Co., 125 N. Y., at page 350, 26 N. E., at page 304, referring to Loughran v. Ross, supra, said: "The decision in that case was placed upon quite technical reasoning, supported, it is true, by some authorities; but it is not one of those cases whose principle should be extended." As the interest of the tenant in land is but temporary, the law generally infers that what he annexes for himself with a view to his own enjoyment during his term, and not to enhance the estate, and which can be detached without material injury to the freehold, may be removed by him. Tifft v. Horton, 53 N. Y., at page 382. "When the question of the removal of fixtures arises between landlord and tenant, the law is now well established, both in England and America, that a tenant may sever and remove all fixtures of a chattel nature erected by him upon the leased premises for the purpose of ornament, domestic convenience, or to carry on a trade." 8 Am. & Eng. Enc. Law, 48, 60; 6 Lawson, Rights, Rem. & Prac. 2899. It would be dangerous doctrine to hold that the ordinary movable store fixtures of a tenant pass to his landlord by the mere act of renewing the term, unless by express stipulation he reserves the continued right of removing them (see Second Nat. Bank v. O. E. Merrill Co. [Wis.] 34 N. W. 514; Kerr v. Kingsbury, 39 Mich. 150); yet this is practically what we would have to decide in order to reverse this judgment. Such chattels are generally useful to the tenant, who puts them in wherever he may remove, so long as he carries on the same trade, and may not be of any use to a succeeding tenant, since he may be of a different trade. · Neither the presumed intention of the parties nor the character of the chattels gives any color whatever to the contention that they were to become the property of the landlord. The brass chandeliers and show case are regarded as in the category of furniture, and removable in like manner. Lawrence v. Kemp, 1 Duer, 363; Shaw v. Lenke, 1 Daly, 487; McKeage v. Insurance Co., 81 N. Y. 38; Wilson v. Cummings, 4 Misc. Rep. 429, 24 N. Y. Supp. 115. The mahogany partition was part of the tenant's store fixtures, introduced into the premises for his own personal benefit, and there is nothing to show that it was permanently annexed to the freehold, or that it could not be removed without material injury. These movable chattels being the personal property of the tenant, title thereto passed by the various transfers until it reached, and

finally vested in, the plaintiff, who acquired the immediate right of possession.

The defendant also contends that, because the lease made to Seipp February 18, 1895, contains a clause that "all the improvements, alterations, repairs, and additions put upon the said premises by the party of the second part [the tenant] shall be left for the benefit of the party of the first part [the landlord] at the expiration of the term," etc., the chattels in question became his. While the terms "improvements and additions" are comprehensive (Lesser v. Rayner, 21 Misc. Rep. 666, 47 N. Y. Supp. 1102), they ordinarily refer to changes and additions made to the freehold, and not the mere introduction of movable chattels brought in by the tenant for his personal use and the convenience of his trade. Besides, the partition and other articles were not put in the premises by Seipp, the lessee named in the renewed lease. They had been purchased by him from Bolz, the preceding tenant, and became his own personal property before that lease was made, and do not fall within the letter or spirit of the special covenant in Seipp's lease that improvements or additions made by him should be left on the premises. Bolz, who put the chattels in, had no agreement with the landlord concerning them, so far as the return discloses; and they cannot, contrary to the fact, be called "improvements or additions" made by Seipp, by virtue of the lease which was made to him. The chattels were not abandoned to the defendant. The tenant was ejected from the premises by compulsion of the warrant in summary proceedings, and had a reasonable time thereafter within which to move away his personal property before being held to have voluntarily abandoned it. Moore v. Wood, 12 Abb. Prac. 393; Lewis v. Pier Co., 125 N. Y. 341, 352, 26 N. E. 301. As the property claimed formed no part of the realty, and the plaintiff was entitled to its possession as personalty, trover in conversion was a proper remedy (Moore v. Wood, supra, approved in 125 N. Y., at page 352, 26 N. E., at page 301; Wilson v. Cummings, supra; Thorn v. Sutherland, 123 N. Y. 236, 25 N. E. 362), and the refusal to surrender possession of the property to the plaintiff on demand was evidence in favor of the plaintiff, as assignee, of the conversion of the chattels (Serat v. Railway Co., 102 N. Y. 681, 6 N. E. 795). Whatever dispute arose in regard to the facts was, by the finding of the justice, resolved in favor of the plaintiff.

The judgment must be affirmed, with costs. All concur.