Hillsborough, }
Oct. 3, 1911. }

## FERGUSON & *a. v.* O'BRIEN.

A lessee's right to remove fixtures continues as long as he remains in possession of the premises by consent of the lessor.

One who accepts a second lease after the first has expired is not thereby estopped from asserting title to fixtures installed by him during the prior tenancy.

TRESPASS *de bonis.* Trial by the court and verdict for the defendant, to which the plaintiffs excepted. Transferred from the January term, 1911, of the superior court by *Mitchell,* J.

April 1, 1904, the plaintiffs leased a store for the term of two years to Elizabeth Hayes, who installed a steam heater in December of the same year. She intended to remove the heater before the lease expired, but prior to that time an agreement was made by which she was to have the store for a second term of two years, with a right of renewal for a like term. The second lease was not written until after the first expired. Hayes subsequently assigned the second lease and sold the heater to one Gray, and he sold it to the defendant, who removed it while Gray was occupying under the lease.

*Irving E. Forbes,* for the plaintiffs.

*Harry T. Lord,* for the defendant.

YOUNG, J. 1. The authorities do not sustain the plaintiffs' contention that a tenant cannot remove fixtures after his lease expires. His right to remove them continues as long as he remains in possession of the premises by consent of the lessors. *Penton* v. *Robart,* 2 East 88.

2. Notwithstanding the weight of authority is in favor of the

plaintiffs' contention that Hayes surrendered the heater to them when she accepted the second lease (19 Cyc. 1068; 13 Am. & Eng. Enc. Law 651), the court is inclined to follow the minority view of the law, which makes the ownership of the heater depend on the intention of the parties at the time the second lease was made (*Radey* v. *McCurdy*, 209 Pa. St. 306,—103 Am. St. Rep. 1009; *Kerr* v. *Kingsbury*, 39 Mich. 150,—33 Am. Rep. 362; *Second Nat'l Bank* v. *Company*, 69 Wis. 501; *Daly* v. *Simonson*, 126 Ia. 716; *Thomas* v. *Gayle*, 134 Ky. 330; *Ogden* v. *Garrison*, 82 Neb. 302; *Bergh* v. *Company*, 136 Fed. Rep. 368); for that is the view of the law this court is accustomed to apply to decide the question of ownership. *Dame* v. *Wood*, 75 N. H. 38; *Langdon* v. *Buchanan*, 62 N. H. 657, 660; *Dana* v. *Burke*, 62 N. H. 627, 629; *Cavis* v. *Beckford*, 62 N. H. 229; *Cochran* v. *Flint*, 57 N. H. 514, 543.

The plaintiffs' right to maintain this action depends, therefore, on whether Hayes intended to give them the heater when she accepted the second lease, or did anything which estops the defendant to deny that that was her intention; for both parties derive their title to the heater from her. What she intended and whether he is estopped are both questions of fact. Consequently the only question of law raised by the plaintiffs' exception is whether there was any evidence to sustain the court's finding. That question is not open to the plaintiffs, for the evidence is not transferred.

*Plaintiffs' exception overruled.*

All concurred.