The receiver was about to sell the department store fixtures when the landlord, Goerke Realties Company, objected to their removal and a master was appointed to examine and report, and he has accordingly reported that they could be removed without substantial injury to the freehold. Some of the things which can be of no use elsewhere the receiver agrees shall remain. The landlord's objection to the removal of the fixtures is that they were in the store during the term of a prior lease to The Goerke Company, and that when the present lease was made, at the expiration of the former, title to the fixtures was not reserved to the tenant and consequently they passed to the landlord. Two cases in this state are relied on — Torry v. Burnett,38 N.J. Law 457, and Gerbert v. Trustees, c., Sons of Abraham,59 N.J. Law 160. They adhere to the rule of the common law regarding structural fixtures. Two cases in other states uphold the doctrine contended for. Wadman v. Burke, 147 Cal. 351,
holds that the common law principle is applicable to store fixtures and follows the law of that state as laid down in the earlier case of Merritt Bourne v. Judd Byrne, 14 Cal. 59,
which Judge Cooley, in Kerr v. Kingsbury, 39 Mich. 150, said was decided "in reliance upon previous decisions which do not appear to us to warrant it." The other case, Loughran v. Ross,45 N.Y. 792, was said by the New York court of appeals in the later case of Lewis v. Ocean Navigation and Pier Co., 125 N.Y. 341,
to have been decided upon technical reasoning and is not one whose principle should be extended.
Granting that under our decisions we are committed to the harsh rule of the common law, that where a tenant erects a substantial structure upon the demised premises and leaves it when his term is up, it is presumed that he intends to abandon it and, as he cannot re-enter, it amounts to a gift in law to the landlord, and that upon a renewal of the term it is lost to him unless he expressly reserves it, such an intention cannot be imputed to a tenant whose shop fixtures are put in a leased store for his convenience and affixed only *Page 251 
for the purpose of carrying on his trade. The nature of the chattels and the purpose of installing and affixing them, to furnish a modern department store, deny any supposed intention and consequently refute a presumption of abandonment or gift to the landlord. We find no authority in this state, probably because it is commonly accepted that the common law rule does not apply to store fixtures, but the courts of other states have decided the question, denying its application, in elaborate and instructive opinions to which the reader is referred. Smusch v.Kohn, 49 N.Y. Supp. 176; Bernheimer v. Adams,75 N.Y. Supp. 93; affirmed, 175 N.Y. 472; Radey v. McCurdy, 209 Pa. 306;Ferguson v. O'Brien, 76 N.H. 192; 81 Atl. Rep. 479; SecondNational Bank of Beloit v. O.E. Merrill Co., 69 Wis. 501;34 N.W. Rep. 514. In Kerr v. Kingsbury, supra, Judge Cooley analyzes, discusses and disagrees with the cases that hold the common law rule to be applicable. Upon the point raised in the instant case, that a tenant loses his fixtures upon a renewal of his lease, unless they are reserved to him, he says:
"The right of a tenant to remove the erections made by him in furtherance of the purpose for which the premises were leased, is conceded. The principle which permits it is one of public policy, and has its foundation in the interest which society has that every person shall be encouraged to make the most beneficial use of his property the circumstances will admit of. On the other hand, the requirement that the tenant shall remove during his term whatever he proposes to claim a right to remove at all, is based upon a corresponding rule of public policy, for the protection of the landlord, and which is that the tenant shall not be suffered, after he has surrendered the premises, to enter upon the possession of the landlord, or of a succeeding tenant, to remove fixtures which he might and ought to have taken away before. A regard for the succeeding interests is the only substantial reason for the rule which requires the tenant to remove his fixtures during the term; indeed the law does not in strictness require of him that he shall remove them during the term, but only before he surrenders possession, and during *Page 252 
the time that he has a right to regard himself as occupying in the character of tenant. Penton v. Robart, 2 East 88; Weeton
v. Woodcock, 7 M. W. 14.
"But why the right should be lost when the tenant instead of surrendering possession, takes a renewal of his lease, is not very apparent. There is certainly no reason of public policy to sustain such a doctrine; on the contrary, the reasons which saved to the tenant his right to the fixtures, in the first place, are equally influential to save to him on a renewal what was unquestionably his before. What could possibly be more absurd than a rule of law which should in effect say to the tenant who is about to obtain a renewal: `If you will be at the expense and trouble and incur the loss of removing your erections during the term, and of afterwards bringing them back again, they shall be yours; otherwise, you will be deemed to abandon them to your landlord.'"
The receiver is instructed that he may sell and deliver the fixtures and the purchaser may remove them.