STEPHENS v. ELY et al.

(Supreme Court, Appellate Division, First Department. February 5, 1897.)

FIXTURES—LANDLORD AND TENANT—AGREEMENT BEFORE A LEASE.

Defendants entered into possession of premises under a written lease for a certain term. During the term articles in the nature of fixtures were put in and attached to the property by defendants. A new lease was made for an additional term, and defendants continued in possession during the specified time. After the term they vacated the premises, and removed the articles, claiming that they had made an agreement with the landlord, before the articles were put in the house, that they should have the right to remove them. They also claimed that before the renewal of the lease a further agreement was made that they might remove the articles at the expiration of the renewal term. The landlord brought an action to recover the value of the alleged fixtures. *Held*, that a judgment for defendants should be affirmed,—Ingraham and O'Brien, JJ., holding that the agreement was controlling, and that the articles never became fixtures; Patterson, J., holding (Van Brunt, P. J., and Williams, J., dissenting) that the question of whether the parol agreement could be resorted to for the purpose of varying the terms of the lease was not properly raised by the record.

Appeal from trial term, New York county.

Action by Benjamin F. Stephens against Sarah M. Ely and others, for the value of fixtures. From a judgment entered on a verdict in favor of defendants, and from an order denying a motion for a new trial, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTER-SON, O'BRIEN, and INGRAHAM, JJ.

Charles N. Morgan, for appellant.

Justus A. B. Cowles, for respondents.

PATTERSON, J. This action was brought to recover the value of certain fixtures attached to premises in the city of Brooklyn, of which the plaintiff was the owner and landlord, and the defendants were the tenants. Those fixtures were removed by the tenants when they left the premises. They had been put in by the defendants, who claimed the right to remove them, by agreement with their landlord. The defendants entered into possession of the demised premises under a written lease for the term of one year and eight months from the 1st day of September, 1888, and it was while they were in possession under this first term that the fixtures were put in the property by them. A new lease was made for an additional year, with a stipulation for two renewals of a year each, and the defendants continued in possession until May 1, 1892; and when they left they removed the articles, being those specified in the bill of particulars appearing in the record. It is the settled law of this state that where a tenant has the right to take away fixtures put by him on the premises demised, if he takes a new lease of the premises, without any claim or mention of that right, it is gone. Loughran v. Ross, 45 N. Y. 792, where it is said: "Elementary writers are very well agreed that when the tenant continues in possession under a new lease or agreement, his right to remove fixtures is determined, and he is in the same situation as if the landlord, being seised of the land with the fixtures, had demised both to him,"—citing authorities. The ruling in the case referred to is commented upon in Lewis v. Pier Co., 125 N. Y. 350, 26 N. E. 301, where it is remarked that that ruling was placed upon quite technical reasoning, supported, it is true, by some authorities, but that it was made in one of those cases "whose principles should not be extended." Still it is recognized that where there is a new lease, and not a mere holding over without a new agreement, what was decided in Loughran v. Ross remains authoritative. The rule laid down in that case would therefore control here, were it not that the record before us discloses the existence of an outside agreement, which authorized the defendants to remove these fixtures at the expiration of their term on the 1st of May, 1892. That agreement was by parol, and it is claimed by the appellant that it cannot be resorted to to vary the terms or stipulations of the renewal lease made in 1889. That question is not properly raised by this record. In the defendants' answer it is alleged that after the execution of the first lease certain verbal arrangements were entered into between the lessor and the lessees by

which the lessor agreed to allow the lessees to remove the fixtures involved in this action; and upon the trial, by the consent of the plaintiff's counsel, the answer was amended by allowing the insertion of an allegation that at the time of the making of the lease in 1889 there was an agreement made and entered into between the parties, and that as part of that agreement the defendants were to have the right to remove such fixtures as they had placed on the premises, and that that right was preserved in spite of the renewals. That is the substance of the amendment allowed; the court saying that it permitted the amendment in the terms the plaintiff's counsel was willing to concede, and that the answer should stand amended, as stated by the court, and consented to by the plaintiff's counsel. Evidence of this agreement, independent of the renewal lease, came into the case without objection. Mary B. Ely, one of the defendants, testified that they took a lease of the premises in the spring of 1889, which continued until they left; that prior to the making of that lease she had personal communication with the plaintiff, Mr. Stephens; that certain conditions were required if the lease was to be renewed; that they related to a reduction of the rent, and to certain repairs; that certain fixtures should be put in the basement, and that the defendants should have the privilege of removing the fixtures they had previously put in. The question was then asked: "Was it agreed between you that the right to remove those fixtures should continue until you quit the premises?" That was objected to, no ground of objection being stated; but it is plain that the objection was only as to the form of the question, involving as it did the conclusion of the witness. That is evident from what the court said, which was, "Let her state what took place." There was no objection as to the competency of the evidence, nor as to the right of the defendants to give testimony as to the parol contract made as the condition of the written lease, but evidently the objection and the exception applied only to the form of the question, the evidence being offered manifestly to sustain the allegation of the amendment to the answer consented to by the plaintiff's counsel. The witness then testified that Mr. Stephens stated that he was willing to have the fixtures removed, and thereupon the renewal lease seems to have been executed. All this testimony came in without objection, and that that was so also appears in a subsequent part of the record. The court asked of this same witness the question, "How many conversations did you have with the plaintiff with reference to the removal of fixtures?" Then the counsel for the plaintiff for the first time stated that in his judgment it was immaterial and improper, in view of the fact that all the agreement appeared to be in writing. The court then referred to the record to ascertain whether or not questions that had been previously put to the witness respecting conversations with the plaintiff regarding the right to remove fixtures were allowed without objection; and the record then recites that the stenographer read the testimony referred to, and, there having been no objection to this line of testimony, the objection is overruled. Thus it appears distinctly that the evidence of this parol

contract was admitted without objection. There was no motion made to strike out the testimony, the plaintiff's counsel contenting himself with taking an exception to further examination of the witness upon that subject. We must take up the case, therefore, as we find it on this testimony, and as the plaintiff's counsel evidently considered its situation to be at a later stage of the trial. The court charged the jury that it was for them to decide what fixtures were removed by the defendants, and, after they had determined that, to decide whether or not there was an oral agreement between the parties litigant, as claimed by the defendants, viz. that the fixtures might be removed by them after the expiration of their term in the demised premises. No exception was taken. On the contrary, the plaintiff's counsel requested the court to charge that the fixtures admitted to have been removed by the defendants were of such a character as to be affixed to the premises, and such as could not have been removed without an express agreement to that effect, and the court so charged. He also requested that the jury be instructed that, unless they should find that at the time of the making of the second lease of March, 1889, there was also an agreement made by which the defendants were to be permitted to remove the fixtures in question, then they should find for the plaintiff for the amount which they determined the fixtures removed, together with the cost of replacing the same, were reasonably worth under the evidence. That the court also charged. So that the case was treated as if the evidence were properly before the jury with respect to the parol arrangement, recognizing the right of the defendants to remove the fixtures. These requests would not have prevented the plaintiff's insisting upon the validity of an objection to the competency of the testimony with respect to the parol arrangement, had such objection been made in time; but as it appears that it was not so made, and that substantially all that was necessary to establish that parol agreement was in the case before any objection was made, and was thus before the jury, the plaintiff cannot now avail himself of the contention that there was error in allowing the case to go to the jury upon that evidence as to the parol agreement.

There are no errors in the charge or in the rulings during the trial that call for a reversal of the judgment, and it must be affirmed, with costs.

INGRAHAM, J. I concur with Mr. Justice PATTERSON that this judgment should be affirmed. The defendants, being the tenants of a house leased by the plaintiff, removed, before the expiration of the lease under which they held, certain articles which they had placed in the house during their tenancy, and the plaintiff sues to recover the value of these articles upon the ground that they were fixtures annexed to the freehold. The first question to be determined is whether or not these articles ever became annexed to the freehold so as to become fixtures. It appears that after the defendants had first leased the house from the plaintiff, it was used with the knowledge of the plaintiff for a school, and that, in conse-

quence of there having been some sickness in the house, which re-
quired a temporary discontinuance of the school, it became necessary
to put the building in a perfect sanitary condition, which required
new plumbing.    This having been explained to the plaintiff, there
was evidence to justify a finding by the jury that the plaintiff agreed
that the new fixtures placed in the building by the defendants
should not become fixtures, but could be removed by the defendants
at the end of the demised term.    Under this agreement it is quite
clear that these articles, during the continuance of that term, did
not become fixtures, but remained the property of the defendants,
and that at any time prior to the termination of that term the de-
fendants had the right to remove such articles as they had placed
in the building.    When their lease was about to expire they applied
to the plaintiff for a renewal of the lease.    Before the renewal lease
was executed it was agreed that this arrangement as to the right
to remove these articles should continue, and that the defendants
should have the right to remove them at any time before the expi-
ration of the new lease; in other words, that the articles themselves
(which had not become fixtures, because of the agreement between
the parties that the defendants should have the right to remove
them at any time before the expiration of the demised term) should,
during the continuance of the term demised by the new lease, retain
the same relation to the building, and should not become fixtures,
but could be removed by the defendants at any time before the end
of the new term.    This agreement, as to the relation that these par-
ticular articles bore to the premises, was not a part of the new lease.
What the plaintiff leased to the defendants was his building upon
his property.    These articles had never become his.    By the agree-
ment between the parties under which these articles had been placed
in the house, they were to remain the property of the defendants
who owned them, and had placed them in the house.    They thus
never became the property of the plaintiff, and as he had agreed that
such articles should continue to belong to the defendants it was
not necessary that any provision in regard to them should be inserted
in the lease, which related only to his house and its necessary appur-
tenances.

The underlying principle always applied in determining whether
or not an article affixed to a building does or does not become a
fixture annexed to the freehold is one of intention as between the
party annexing it and the owner of the freehold.    Where nothing
appears from which the intention of the parties can be determined,
except the act of annexation, then the question of intention is de-
termined from the character of the article itself, the use to which it
is put, and the nature of the means used to annex it.    Where, how-
ever, the intention can be ascertained from the declarations or agree-
ments of the parties prior to or at the time of annexation, then such
declarations or agreements control.    Where it clearly appears that
prior to the time that the articles were placed in the building the
parties had expressly agreed that the articles should not become
fixtures, but should remain the property of the person placing them

within the building, and could be removed by such person during the existence of the demised term, then this agreement is controlling that the articles never do become fixtures, but remain, during the term, the property of the tenant. The question as to whether or not an article annexed to the freehold does or does not become a fixture, where there is no agreement between the landlord and tenant, depends (1) upon the intention of the parties as shown by the character of the article itself, the use to which it is put, and the manner of annexation; and (2) upon the relation that exists between the occupier of the premises and the owner of the fee, viz. life tenant and remainder-man, mortgagor and mortgagee, landlord and tenant. Where, however, the articles are put under an express contract, then this contract controls. Where this right depends, not upon an express contract, but upon the presumed intention of the parties, the right is then said to be "a privilege conceded to him for reasons of public policy, and may be waived by him, and will be regarded as abandoned by any acts inconsistent with a claim to the buildings as distinct from the land; and upon abandonment of the right by the tenant, fixtures erected by him immediately become the property of the landlord as a part of the land. A surrender of the premises after the expiration of the lease is such an abandonment as vests the title in the landlord. In reason and principle the acceptance of a lease of the premises, including the buildings, without any reservation of right, or mention of any claim to the buildings and fixtures, and occupation under the new letting, are equivalent to a surrender of the possession to the landlord at the expiration of the first term. The tenant is in under a new tenancy, and not under the old; and the rights which existed under the former tenancy, and which were not claimed or exercised, are abandoned as effectually as if the tenant had actually removed from the premises, and, after an interval of time, shorter or longer, had taken another lease, and returned to the premises." Loughran v. Ross, 45 N. Y. 794. This principle was followed in Talbot v. Cruger, 151 N. Y. 120, 45 N. E. 364, where the court states the rule to be:

"A tenant may remain in possession after the old lease has expired; but, unless he reserves the right under the new lease to remove the fixtures upon the land, the right will be deemed to have been abandoned, and they will become the property of the landlord."

The court then continues:

"In this case the plaintiff claims to have become the owner of the buildings by purchase, and that through an arrangement between Hyland, who had erected them, and Mrs. Field, the then owner of the land, it was agreed that they should be and remain Hyland's personal property, and subject to his right to remove them. Assuming these facts to be true, there is the difficulty that the plaintiff did not prove that she herself made any agreement with the landowner when she became the tenant of the premises. Hyland or the plaintiff very possibly may have been entitled to exercise the right of removal before the expiration of Hyland's tenancy; but it would not necessarily follow, when the plaintiff went into possession under a lease from the landowner, that that right continued in force. It was incumbent upon her to establish that she had made some arrangement with Mrs. Field, which conceded to her such interests and rights of ownership in the buildings as would authorize her to claim them as her distinct property, and to remove them from the land while her tenancy lasted."

Where the question of the right to remove depends, not upon the express agreement, but upon the presumed intention of the parties, the right to remove can be extended beyond the term in existence at the time the articles were annexed by agreement between the parties by which that right was to continue through a new term, and the right is lost by the acceptance of a new lease, because that acceptance is equivalent to a surrender of the premises and the taking of a new letting from the landlord; and this is deemed to be an abandonment of the right which the law implies by such surrender and new demise. Where, however, the possession continues unbroken, and by an express agreement between the parties there is no such abandonment of the right to remove, but it is agreed that such right should continue during the new term, it is clear that the rule stated in the cases above cited does not apply. It is not suggested in Talbot v. Cruger, supra, that the agreement between the tenant and the landlord must be contained in the lease itself to be effectual; and it would seem to be clear that such an understanding or agreement is not a part of the leasing of the premises. It may be that, if the lease in express terms declared the articles which had been annexed during the prior term to be a portion of the premises demised, then parol evidence of prior agreements would be inadmissible as tending to contradict a written instrument, under the rule that prior negotiations are merged in the instrument itself when reduced to writing, and signed by the parties. Thus, if a person was to erect upon a vacant lot, leased by him, a building which he claimed the right to remove after a new lease which had demised the building and lot, it might be said that, the new lease having expressly described the building as having been demised, a prior verbal agreement between the parties could not be competent evidence to show that the building was not in fact demised, but remained the property of the tenant. Where, however, the articles in dispute consisted of property used in the building, not expressly described in the lease, so that, as in this case, the question arises as to what is included within the terms, "the premises known as 'No. 142 Columbia Heights,' in the city of Brooklyn, with the appurtenances," it is clearly not contradicting the terms of this instrument to show that certain bath tubs in the house were not included as a part of the house leased by express agreement of the parties. Thus, in the lease executed in 1887, before these articles were placed in the house, the premises are described in exactly the same terms as are used in the lease executed in 1889, after the articles had been placed in the house; and it certainly is not contradicting this instrument to prove that by express agreement between the parties, made prior to the execution of the latter lease, it was agreed that this description of the property leased should not be held to include these articles which the defendants themselves had placed in the house, and which they had, up to that time, the right to remove. I think it clear, therefore, that the court below was right in holding that, if this agreement between the plaintiff and the defendants, made when the articles were placed in the house, existed, and that before the new lease was given

it was expressly agreed between them that their right to remove the articles should continue during the lease, the articles never became fixtures; that the defendants never abandoned their right to remove by the taking of the new lease from the plaintiff; and that the description in the new lease of the demised premises did not include those articles of personal property which belonged to the defendants. And, the jury having found that this agreement was made when the articles were placed in the house, and, before the new lease was given, the plaintiff agreed that the defendants should have the right to remove the articles during the new lease, upon evidence sufficient to sustain their verdict, it follows that the defendants had the right to remove the articles at any time before the end of the term.

The judgment should be affirmed, with costs.

O'BRIEN, J., concurs.

VAN BRUNT, P. J. I dissent from the conclusion arrived at by Mr. Justice PATTERSON. It seems to me that there has been a misapprehension as to the facts appearing upon this record; and that, instead of there being no exception to the admission of the testimony in respect to the agreement between the plaintiff and the defendants as to the removal of fixtures made during the negotiations for the renewal of the lease, it would have been impossible for the plaintiff to have excepted to the introduction of this class of testimony earlier than he did. When the question was asked, "Was it also agreed between you that the right to remove those fixtures should continue until you quit the premises?" it was objected to. It is stated in the prevailing opinion that this objection evidently was to the form of the question. It is apparent that such was not the nature of the objection, because, when the court said, "Let her state what took place," an exception was taken to that interrogatory, which certainly was to the substance of the testimony, and not to the form of the question.

It is further urged that the right to object to this class of evidence was lost, because the counsel for the plaintiff did not object to some portions of it. I think it is the first time that it has been held that, because counsel has allowed one incompetent question to be admitted, he has waived all right to object to that class of questions. It seems to me that it is establishing a new rule governing the trial of causes to hold that such an omission operates as a waiver of all rights. At the time that this testimony was offered, it appeared that the first lease had been executed, that certain repairs had been made in pursuance of an agreement in respect to repairs, and that, as the result of the negotiations in reference to the reletting and repairing of the premises, a lease for an additional term had been entered into, which contained the following provision:

"The parties of the second part are permitted to use the premises for a private boarding school, and may let the premises for the same purpose; i. e. to be occupied by a family for a private residence. The parties of the second part are

43 N.Y.S.—49

permitted to make such alterations as they deem necessary for the purpose of their business, they agreeing hereby to restore the premises to their present condition."

The fixtures in question were then in the premises, and it is sought to vary this provision of the lease in regard to the restoration of the premises to their present condition by proving an agreement, made at the time the repairs were originally put in, that they might be removed at any time when the tenants left the premises. If this agreement is not a contradiction of the terms of this lease subsequently made, then it is difficult to apprehend what is the meaning of a restoration to their present condition, namely, their condition on the 6th of March, 1889. When Mr. Ely, a brother of the defendants, was examined as a witness, he says he superintended the repairs during all the time they were being made prior to the 1st of December, 1887, which was during the existence of the first lease; that at the time of the sickness, when it was concluded that the repairs should be made, he had a conversation with Stephens (the plaintiff) in relation to the repairs. He was asked, "Will you state what that conversation was?" This was objected to as immaterial, the objection was overruled, and an exception taken. The witness then testified to an agreement between himself and Stephens that, if these repairs were made, the tenants should have the right to take out these fixtures whenever they left the premises. And yet it is said that the plaintiff failed to object to the introduction of testimony in regard to this agreement, and thereby lost his right. As has already been stated, it is difficult to see how he could have raised the objection earlier, or why he should have persisted in it more strenuously.

It is further urged that after the court had overruled the objection of counsel admitting the testimony, and holding it to be competent and material, the counsel for the plaintiff acquiesced in this ruling, because he did not except to a charge of the court rendered pertinent by the admission of that testimony, and because he requested the court to charge in respect thereto. He, of course, had to accept the situation with the testimony in, and rely upon his exception to protect his rights. The idea that, where testimony is objected to and admitted, if counsel asks any questions in reference to it, or requests the court to instruct the jury in reference to legal propositions which are brought up by its admission, he must be deemed to have acquiesced in it, is certainly novel. It is true that it is stated in the prevailing opinion that "these requests would not have prevented the plaintiff insisting upon the validity of an objection to the competency of the testimony with respect to the parol arrangement, had such objection been made in time." But, if this be so, it is difficult to see how it could be held, as is stated in a previous part of the opinion, that the want of exception to the charge and the making of requests to charge constitute an acquiescence. The result of the rule is that, unless counsel make their objection at the very first instant that incompetent and improper testimony is admitted, they forever lose their right. I think it will be difficult to find any authority for such ruling.

It is claimed that the correspondence between the parties showed that there was some outside agreement in regard to these fixtures. I have searched the correspondence in vain to find any such agreement entered into after the execution of the lease on the 1st of March, 1889, by which instrument the rights of the parties were fixed, and the defendants agreed, as a condition of being allowed to make alterations, that they would restore the premises to their present condition. The fixtures were then upon the premises, and by the lease they agreed to leave them there; and yet it is proposed to prove by parol an agreement made during the existence of the previous lease that they might take out these fixtures whenever they left the premises, and an assent upon the part of the landlord, while negotiating for the renewal of the lease, to their so doing. The lease itself expressly provides that the premises shall be turned over to the landlord in their present condition, reasonable wear and tear excepted. It seems to be conceded by the prevailing opinion that, if this evidence had been objected to in time, and had not been waived by the plaintiff allowing some portion of it to come in without objection, although the proper objection was subsequently taken to other portions of it, it should have been excluded, and the provisions of the lease prevail.

It seems to me that the judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event.

WILLIAMS, J., concurs.