CHARLES LOUGHRAN, Appellant, *v.* WILLIAM S. ROSS, Respondent.

If a tenant, having the right to remove fixtures erected by him on the demised premises, accepts a new lease of such premises, including the buildings, without reservation or mention of any claim to the buildings, and enters upon a new term thereunder, the right of removal is lost, notwithstanding his actual possession has been continuous.

The subsequent removal of such erection by the tenant, before expiration of the second term, being without legal right, is not a breach of covenants of seizin and for quiet enjoyment in a deed by the landlord.

(Submitted June 12th; decided June 22d, 1871.)

APPEAL from an order of the General Term of the Supreme Court, in the first district, affirming a judgment dismissing the complaint, with costs. .

Action for breach of covenant of seizin and quiet enjoyment in a deed of two lots on Seventh avenue and Fifty-fifth street, New York, "with the corner house, and the house on the adjoining lot." The deed was made January 11, 1866, the premises then being in the occupancy of tenants under the defendant. Up to May 1st, 1865, the premises had been under lease for a term of years, and the buildings on the lots had been erected by the tenants. On the expiration of these leases, and on the 1st of May, 1865, the defendant had leased one of the lots to the former tenant, or to one occupying under or by assignment from the former tenant, for one year, by parol, rent payable quarterly in advance; and on the 4th of April had demised the other lot, by written lease, to the former tenant, for three years, at a specified rent, payable quarterly in advance, with a provision that, in case of a sale of the premises, the lease should, at the option of the purchaser, be converted into a lease from month to month, and the lessee covenanted, at the expiration of the time, to surrender the premises in as good state and condition as reasonable use and wear would permit, damages by the elements excepted. After the conveyance to the plaintiff, and before

the first of May thereafter, the buildings were removed by the tenants, or some one claiming under them, they claiming the right to remove them. The plaintiff taking the same view of the rights of the tenants, brought this action to recover the value of the buildings, and on the trial at the circuit, in New York city, was nonsuited; and the nonsuit being sustained by the Supreme Court in banc, the plaintiff has appealed to this court.

*Alfred Roe*, for the appellant, as to the effect of re-letting, cited *Penton* v. *Hobart* (2 East, 88); *Werton* v. *Woodcock* (7 M. & W., 14); *Ombony* v. *Jones* (19 N. Y., 234); *Minshell* v. *Lloyd* (2 M. & W., 456); *Lynde* v. *Russell* (1 B. & A., 394); *Leader* v *Homewood* (5 C. B., N. S., 456); *Whipley* v. *Dewey* (8 Cal., 36); *Shepard* v. *Spaulding* (4 Met., 416); *State* v. *Elliott* (11 N. H., 540); Taylor, L. & T., 404; *Devin* v. *Dougherty* (27 How., 455).

*Peter B. Ross*, for the respondent, to the same question, cited Ferrard on Fixtures, 72, 79, 217; Taylor, L. & T., 548, 551, 552; Smith, L. & T., 349; Woodfall, L. & T., 218; Holthouse Law Dic., 261; 2 Bouv., 3, 4; 17 Abb., 360; 10 Bosw., 537; 1 Daly, 325; 7 Barb., 263; 35 id., 58; 41 id., 231.

ALLEN, J. It is not claimed by the defendant that the tenants occupying the premises for the terms ending on the 1st of May, 1865, having erected the buildings during their tenancy, might not, during the continuance of their terms and their occupancy under the first leases, have removed the buildings; and the plaintiff does not deny, that after the expiration of the terms, and the tenants had ceased to occupy as tenants, their right to remove the buildings would have been lost; that a surrender of the premises would have been an abandonment of the claim to the buildings, and they would have become the property of the landlord as a part of the realty. The material question in the case is, as to the effect

of the second letting and occupation under it, after the expiration of the first leases, upon the rights of the tenants and the ownership of the buildings. The rule is, that whatever fixtures the tenant has a right to remove must be removed before his term expires, except when the time at which the term will end is uncertain, depending upon a contingency, and it may be determined unexpectedly to the tenant, in which case he may be entitled to a reasonable time for removing fixtures after the expiration of the tenancy. (*Ellis* v. *Paige*, 1 Pick., 43; *Reynolds* v. *Shuler*, 5 Cow., 323.) The rule may be subject to the further qualification, that the right to remove the fixtures is not lost to the tenant so long as his possession *as tenant* continues; and the claim of the plaintiff is, that this qualification includes and saves the right of a tenant continuing in possession under a new lease. The right of the tenant to remove is a privilege conceded to him for reasons of public policy, and may be waived by him, and will be regarded as abandoned by any acts inconsistent with a claim to the buildings as distinct from the land, and upon abandonment of the right by the tenant, fixtures erected by him immediately become the property of the landlord as a part of the land. A surrender of the premises, after the expiration of the lease, is such an abandonment as vests the title in the landlord. In reason and principle the acceptance of a lease of the premises, including the buildings, without any reservation of right, or mention of any claim to the buildings and fixtures, and occupation under the new letting, are equivalent to a surrender of the possession to the landlord at the expiration of the first term. The tenant is in under a new tenancy, and not under the old; and the rights which existed under the former tenancy, and which were not claimed or exercised, are abandoned as effectually as if the tenant had actually removed from the premises, and after an interval of time, shorter or longer, had taken another lease and returned to the premises. A lease of lands and premises carries with it the buildings and fixtures on the premises, and the tenant, accepting a lease of the premises without

excepting the buildings, takes a lease of the lands with the buildings and fixtures, and acknowledges the title of the landlord to both, and is estopped from controverting it. In respect to the lot of which there was a written lease for the new term, the tenant expressly covenanted to surrender the premises, at the end of the term, " in as good state and condition as a reasonable use and wear thereof will permit, damages by the elements excepted ;" and this covenant relates to and includes the buildings then on the premises, and if they are excluded from its operation it can have no effect. It follows that the tenant becoming a party to that lease, and occupying under it, is estopped from claiming the buildings as his own, for he has covenanted to surrender them, as a part of the premises and included within the general description, to the landlord at the end of the term, in good repair. Such is also the implied undertaking of the tenant taking a new lease by parol. Elementary writers are very well agreed that, when a tenant continues in possession under a new lease or agreement, his right to remove fixtures is determined, and he is in the same situation as if the landlord, being seized of the land with the fixtures, had demised both to him. (Taylor's L. and T., 91 ; Gibbons' Law of Fixtures, 42 ; and Grady's Law of Fixtures, 98.) And it would seem that the position is warranted by authority. When the tenant continues in possession after ejectment brought by the landlord, under an arrangement with him, and with his assent to a stay of execution, the tenant's right to remove buildings from the premises, erected by himself during his lease, is gone (*Fitzherbert* v. *Shaw*, 1 H. Black, 258.) The court held that there was an implied agreement that the tenant should deliver up the premises in the same condition as they were in when the agreement was made. The same was held in *Heap* v. *Barton* (12 C. B., 274), JERVIS, Ch. J., saying : " If the tenants meant to avail themselves of their continuance in possession to remove the fixtures, they should have said so." The general form of expressing the right of the tenant to remove fixtures, is that they must be removed within the term ; that

is, the term during which they were erected, and unless the lessee uses, during the lease, the privilege to sever them, he cannot afterwards do it. (*Lee* v. *Risdon*, 7 Taunt., 188 ; *Lyde* v. *Russell*, 1 B. & Ad., 394.) But it may be done so long as the possession continues, although the term may have ended, if there has been no new agreement. (*Penton* v. *Robart*, 2 East, 88.) A case somewhat analogous in principle to this was that of *Thresher* v. *Proprietors of the East London Water-works* (2 B. & C., 608), in which it was decided that a lessee, who had erected fixtures, for the purposes of trade, upon the demised premises, and afterwards took a new lease, to commence at the expiration of the former one, which new lease contained a covenant to repair, was bound to repair those fixtures, unless strong circumstances existed to show that they were not intended to pass under the general words of the second demise, and a doubt was expressed whether any circumstances, dehors the deed, could be alleged to show that they were not intended to pass.

Alderson, B., in *Weeton* v. *Woodcock* (7 M. & W., 14), says : " The rule, to be collected from the several cases decided, seems to be this ; that the tenant's right to remove fixtures continues during his original term, and during such further period of possession by him, as he holds the premises under a right still to consider himself a tenant," and the right to remove the fixtures was denied to the assignees of the tenant, although they retained the possession, the plaintiff having made an entry to enforce a forfeiture. (See also *Minshall* v. *Lloyd*, 2 M. & W., 450; *Shepard* v. *Spaulding*, 4 Metc., 416.) The tenants, holding under a new demise, had not the legal right to remove the fixtures put by them on the premises during a former term, there being no mention of the right in the second lease. The offer to prove that, by custom in the city of New York, tenants had a right to remove buildings, did not go beyond the right conceded by the defendant. The evidence, therefore, if otherwise competent, could not have aided the plaintiff.

The difficulty is, that the conceded right was abandoned and lost by its non-exercise during the tenancy under which the buildings were erected. The remedy of the plaintiff was against the persons wrongfully removing the buildings, and not on the defendant's covenant.

The judgment should be affirmed.

CHURCH, Ch. J., FOLGER and ANDREWS, JJ., concur; GROVER and PECKHAM, JJ., dissent.

Judgment affirmed.