MARY TALBOT, Appellant, v. STEPHEN VAN RENSSELAER CRUGER et al., Respondents.

LANDLORD AND TENANT — OWNERSHIP OF FIXTURES. A tenant of land cannot maintain an action for damages for obtaining from him, by fraud and deceit, the surrender of buildings erected on the land by a former tenant, and not removed by such former tenant at the expiration of his term, but transferred by him as his personal property to the plaintiff on the latter's taking a lease and possession of the land, without showing affirmatively that, by the terms of the plaintiff's lease or by some agree-

ment made by him with the lessor, his rights were saved from the general rule which vests in the owner of leased land the property in fixtures not removed before the expiration of the term or the surrender of possession, and that during his tenancy the plaintiff at all times remained the owner of the buildings and had the right to remove them — it being immaterial what unexercised right of removal of the fixtures the former tenant had, if it was not extended to the plaintiff.

*Talbot* v. *Cruger*, 81 Hun, 504, affirmed.

(Submitted October 23, 1896; decided December 1, 1896.)

APPEAL from a judgment of the General Term of the Supreme Court in the first judicial department, entered November 24, 1894, which affirmed a judgment in favor of defendants entered upon a decision of the court dismissing the complaint on trial at Circuit.

The nature of the action and the facts, so far as material, are stated in the opinion.

*J. Baldwin Hands* for appellant. It was competent for the appellant to prove by parol evidence that the house was personal property, and defendants' admissions that it was appellant's property and that she could remove it were sufficient as against them. (*Dubois* v. *Kelly*, 10 Barb. 496; Taylor's Land. & Ten. § 550, n. 5; Tyler on Fixtures, 667; *Kennedy* v. *Strong*, 14 Johns. 128, 131; *Eisenlord* v. *Clum*, 67 Hun, 518; *S. Mfg. Co.* v. *Coon*, 30 N. Y. Supp. 232.) The denial of these admissions did not deprive the appellant of her right to have the question submitted to the jury. The respondents are estopped by these admissions. (*Trustees, etc.*, v. *Williams*, 9 Wend. 147; Bigelow on Estoppel, 477; Best on Evidence [Morgan's Notes], §§ 525, 527, 528.) It made an issue of fact and a *prima facie* case which should have been submitted to the jury. (*Brand* v. *McMahon*, 15 N. Y. Supp. 399; *Rowland* v. *Swarts*, 17 N. Y. Supp. 399; *Boos* v. *W. M. L. Ins. Co.*, 4 Hun, 133.) If, in any view of the evidence, a verdict might have been rendered for the appellant, it was error to take the case from the jury. (*Pratt* v. *D. H. M. F. Ins. Co.*, 130 N. Y. 206; *Kuhn* v. *D., L. & W. R. R. Co.*,

77 Hun, 389.) The house being personal property, and con-
cededly so by the respondents, it always remained such, and
the referee to sell the land did not and could not give Coffey
any title to it. (*Sisson* v. *Hibbard*, 75 N. Y. 542; *Stokes* v.
*Johnson*, 57 N. Y. 673.) It was error for the trial justice to
dispose of the case on the merits, the appellant objecting.
(*Green* v. *Miller*, 26 N. Y. Supp. 425, 426 ; *Merrick* v. *Hill*,
77 Hun, 30.)

*Henry H. Man* and *Stephen Philbin* for respondents. Mrs.
Talbot was a tenant of the property from May 1, 1890, to May
1, 1891, and not afterwards. Her right to remove the house,
if she had any, depended upon the terms of that tenancy.
(*Loughran* v. *Ross*, 45 N. Y. 792; *Bohn* v. *Hatch*, 133 N.
Y. 64.) The plaintiff is estopped from asserting ownership
of the house. (*Pope* v. *Allen*, 90 N. Y. 298, 303 ; *Brown* v.
*Volkening*, 64 N. Y. 82; *Holland* v. *Brown*, 140 N. Y. 344;
*De Herques* v. *Marti*, 85 N. Y. 609.)

GRAY, J. The plaintiff seeks to recover damages, which
she claims to have sustained " through the fraud and deceit of
the defendants in procuring from her a surrender of her house
by falsely representing to her that the paper they presented to
her for execution, and which she signed, was a lease of the
land on which the house stood." The defendants are the
agents of a former owner of the land and a purchaser of the
land at a judicial sale. The plaintiff, in her complaint, alleged
that by agreement with Mrs. Field, in August 1888, she
became a tenant from year to year of certain lands in New
York city, at a certain yearly rental, and that at the same time
she became the owner, by purchase at an execution sale, of
certain buildings which had been placed upon the lands by a
former tenant. It seems that in May, 1891, and as the result
of certain judicial proceedings, the lands were directed to be
sold and were purchased by defendant Coffey. Coffey, find-
ing the plaintiff in occupation and claiming to own the build-
ings, complained to the defendants Cruger & Co., who had

been the agents of Mrs. Field, and they endeavored, at first, to get a lease from Coffey to plaintiff and, not succeeding in that, then obtained the signature of plaintiff to a writing, surrendering her house for the compensation of $25. She says she was unable to read the paper and did not have its real purport made known to her and supposed she was signing a new lease of the property. She elects to affirm the transaction, however; but insists upon her right to maintain her action for damages, upon the ground that by the fraudulent devices of the defendants she was cheated out of that which was her personal property.

This appeal must be determined by the question of whether the plaintiff had any property in the buildings upon the land and for that we are limited to the case. They consisted in a house, shed, closet and fence and under the general rule would partake of the incidents and properties of realty. That is the general maxim of the law and if there be an agreement with the owner of the land, by which the tenant's distinct ownership of the buildings is recognized and his right to remove them conceded, it must, of course, be proved by him. The legal presumption based upon the rule must be disproved by affirmative evidence on the part of the tenant. The right of a tenant to remove fixtures erected for trade is conceded to him for reasons of public policy and, being in the nature of a privilege, it must be exercised before the expiration of the term, or before he quits possession. If the right to remove other fixtures exists by virtue of some agreement, then it must be exercised in like manner. By entering upon a new lease, in which the tenant's rights are not reserved, the rights which may have existed under the former tenancy are determined and this is true even where there is a continuous holding of the premises, but not under the same lease. A tenant may remain in possession after the old lease has expired; but unless he reserves the right under the new lease to remove the fixtures upon the land, the right will be deemed to have been abandoned and they will become the property of the landlord. (Taylor's Landlord and Tenant, §§ 551, 552;

*Loughran* v. *Ross*, 45 N. Y. 792; *Watriss* v. *First National Bank*, 124 Mass. 571.)

In this case, the plaintiff claims to have become the owner of the buildings by purchase and that through an arrangement between Hyland, who had erected them, and Mrs. Field, the then owner of the land, it was agreed that they should be and remain Hyland's personal property and subject to his right to remove them. Assuming these facts to be true, there is the difficulty that the plaintiff did not prove that she herself made any agreement with the landowner, when she became the tenant of the premises. Hyland, or the plaintiff, very possibly, may have been entitled to exercise the right of removal before the expiration of Hyland's tenancy; but it would not necessarily follow, when the plaintiff went into possession under a lease from the landowner, that that right continued in force. It was incumbent upon her to establish that she had made some arrangement with Mrs. Field, which conceded to her such interests and rights of ownership in the buildings as would authorize her to claim them as her distinct property and to remove them from the land while her tenancy lasted. There is no evidence as to the terms of the plaintiff's tenancy under Mrs. Field and even if Cruger & Co., who acted as Mrs. Field's agent, regarded, or treated the plaintiff as the owner of the buildings, that does not prevent them from objecting thereafter that she was not, and that she was bound to prove the fact in such an action as this. The case comes down to this, that, although the plaintiff at some prior time had become the owner of the buildings, she did not show that by the terms of the lease of the land to her, or by any agreement she made with the lessor, her rights were saved from the operation of the general rule, which vests in the owner of the land the property in fixtures not removed before the expiration of the term, or the surrender of possession; and that, during her own yearly tenancy, she at all times remained the owner of these buildings and had the right to remove them as her property. In the absence of such proof, the plaintiff was in no position to assert this claim for damages. Unless she owned the buildings, which

she says the defendants, by fraudulent devices, induced her to surrender possession of, she could not be damaged by what they did in the matter. In this view of the case, the direction of a verdict for the defendants was correct. There was no foundation for a recovery by the plaintiff.

The principal assignment of error in the rulings of the trial judge was with respect to his exclusion of evidence to show what was the arrangement between Hyland, who, when tenant, put up the buildings in question, and the then agent of Mrs. Field. Assuming that the arrangement comprehended his right to remove the buildings, that fact would not aid the plaintiff. The material fact for her to prove, in order to establish that she had an interest in the buildings, which had not been lost, was that she had made an arrangement with the owner of the land which preserved to her the right of removal. It was immaterial what Hyland had the right to do, as long as he had not exercised it; or if it had not been extended to her.

No other question demands further consideration and, for the reasons given, the judgment should be affirmed, with costs.

All concur.

Judgment affirmed. _____