BENJAMIN F. STEPHENS, Appellant, *v.* SARAH M. ELY et al., Respondents.

1. LEASE — RIGHT TO REMOVE FIXTURES.  The right to remove fixtures by virtue of a parol contract subsequent to a lease is lost by failing to exercise it during the term and by entering into a new lease which does not preserve the right, but contains a covenant by the lessees to return the premises in as good a state as reasonable use and wear will permit, and a provision authorizing them to make such alterations as they deem necessary for their business, they agreeing to restore the premises to their present condition.

2. APPEAL — EXCEPTION.  Appellate courts should not be diligent in seeking a way to deprive a party of the benefits of an exception pointing out error, where it appears that the trial court was fully apprised of the nature of the objection.

3. FAILURE TO REPEAT.  The suggestion to counsel by the trial justice, in the interest of expedition and orderly procedure, that one exception is as good as many, acquiesced in by them, should not be allowed to operate as a trap to ensnare the rights of clients.

*Stephens* v. *Ely,* 14 App. Div. 202, reversed.

(Argued February 2, 1900; decided February 27, 1900.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered February 12, 1897, affirming a judgment in favor of defendants entered upon a verdict, and an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Charles N. Morgan* for appellant. The trial court erred in admitting testimony " with a view of ascertaining whether or not the entire agreement of the parties was reduced to writing " after the written lease and the correspondence of the parties in relation thereto had been offered and received in evidence. (*Engelhorn* v. *Reitlinger*, 122 N. Y. 76 ; *Case* v. *P. Bridge Co.*, 134 N. Y. 78 ; *Mott* v. *Richtmyer*, 57 N. Y. 49 ; *Martin* v. *Cole*, 104 U. S. 30 ; *Strong* v. *Waters*, 80 Hun, 73 ; *Johnson* v. *Oppenheim*, 55 N. Y. 293 ; *Chapin* v. *Dobson*, 78 N. Y. 74 ; *Fillo* v. *Jones*, 4 Keyes, 328 ; *Quinby* v. *Strauss*, 90 N. Y. 664 ; *Tooley* v. *Bacon*, 70 N. Y. 34.) The court erred in permitting, against the objection of the plaintiff, the witness Arthur H. Ely to testify to a conversation had in December, 1887, showing or tending to show an agreement on the part of the plaintiff that the defendants might remove the fixtures in question at the termination of the first lease. (*Loughran* v. *Ross*, 45 N. Y. 792; *Talbot* v. *Cruger*, 81 Hun, 504 ; 151 N. Y. 120.)

*Arthur H. Ely* and *Justus A. B. Cowles* for respondents. The learned trial judge did not err in his ruling as to the admissibility of certain testimony to establish the existence of the verbal agreement under which the defendants might lawfully remove certain fixtures. (*People* v. *Beach*, 87 N. Y. 508 ; *Quinby* v. *Strauss*, 90 N. Y. 664 ; *People* v. *Place*, 157 N. Y. 584; *Grattan* v. *M. L. Ins. Co.*, 92 N. Y. 274; *Brady* v. *Nally*, 151 N. Y. 258 ; *Eighmie* v. *Taylor*, 98 N. Y. 288 ; *Rutledge* v. *Worthington Co.*, 119 N. Y. 592; *Chapin* v. *Dobson*, 78 N. Y. 74.) The exceptions to the admission of testimony tending to show the existence of a verbal agreement in relation to the removal of the fixtures present no error of law. (*Rouse* v. *Whited*, 25 N. Y. 170 ; *Grattan* v. *M. L. Ins. Co.*, 92 N. Y. 274; *Klock* v. *Brennan*, 82 Hun, 262 ; *Todd* v. *Vaughan*, 90 Hun, 70, 73 ; *House* v. *Burr*, 24 Barb. 525 ; *W. T. Co.* v. *Lansing*, 49 N. Y. 499, 506.) The new

articles of convenience, attached to the plumbing by the defendants, were, under the circumstances and in the nature of things, movable fixtures, which the defendants could have removed irrespective of any agreement allowing them so to do. (2 R. S. 82, § 6, subd. 4; *Potter* v. *Cromwell,* 40 N. Y. 287; *McKeage* v. *H. F. Ins. Co.,* 81 N. Y. 38; *Manning* v. *Ogden,* 70 Hun, 399.)

PARKER, Ch. J.   When the defendants left the premises, which they had occupied for a number of years as tenants of the plaintiff, they took with them certain fixtures, the value of which the plaintiff seeks to recover in this action.

In August, 1887, the first lease of the premises was executed, the term to begin September first, 1887, and to end May first, 1889. · The defendants entered into possession, using the premises as a boarding school for young ladies. In a very short time thereafter some of the pupils became ill, an investigation of the condition of the plumbing followed, and the defendants offered to put in new plumbing, provided the plaintiff would consent that the title thereto should continue in them and they be permitted to remove the same, conditioned only that they should restore the premises to their former state.   This offer was accepted, and in pursuance of this agreement the fixtures which are the subject of this controversy were put in by the defendants.

When the evidence to establish this oral agreement and the putting in of the fixtures thereunder was offered, the plaintiff's counsel objected, but his objection was overruled, as we think, erroneously.   If the defendants had removed the fixtures at any time before the expiration of the first lease, the ruling of the court would have been correct and the objection that the writing expressed the contract between the parties and could not be affected by parol, would not have been well taken; for it constituted a new and independent agreement made subsequent to the lease, an agreement that the parties were entirely competent to make, and by it the fixtures remained, subject to the right of the defendants to sever them

from the building at any time prior to the completion of the term. There was one other way by which the defendants could have preserved the right existing under the first lease to remove the fixtures during a period covered by a subsequent lease, and that was by incorporating into the new lease a statement that the right to remove such fixtures was to continue during the new term. These defendants did not remove the fixtures during the period covered by the first lease ; instead they leased the premises for a year from May first, 1889, with the privilege of two renewals of one year each, and in the new lease no reservation of the right to remove the fixtures was made, nor was the subject mentioned. The lease contained the usual covenants to surrender the premises demised in as good state and condition as reasonable use and wear would permit, and a special provision authorizing the premises to be used for a private boarding school and permitting the lessee "to make such alterations as they deem necessary for the purpose of their business, they agreeing hereby to restore the premises to their present condition." The legal effect of such action was to destroy the right of removal of the fixtures which, prior to the expiration of the first term, had existed in the defendants.

This subject was carefully considered by this court in *Loughran* v. *Ross* (45 N. Y. 792), where it is declared to be the law of this state that if a tenant continues in possession under a new lease where nothing is said as to fixtures, his right to remove fixtures is terminated, the taking of the new lease being treated as equivalent to a surrender of the premises as they then existed to the landlord, and a taking of them from him in the condition in which at the end of the lease the tenant is bound to surrender them.

This principle is again enunciated in *Talbot* v. *Cruger* (151 N. Y. 117), in which the court says : "A tenant may remain in possession after the old lease has expired ; but unless he reserves the right under the new lease to remove the fixtures upon the land, the right will be deemed to have been abandoned and they will become the property of the landlord."

It is urged, however, that there is an opportunity to distinguish this case from *Loughran* v. *Ross* and similar cases, in that the agreement was independent of the lease, and the method proposed is to construe the new lease as not including the fixtures, which the parties knew belonged to the tenant and not to the landlord. The answer is that an oral agreement made after a lease, that title to, and right of removal of, all fixtures put in by the tenant during his term shall remain in him, is neither more comprehensive nor more effective than an agreement expressed in the lease that the title to all fixtures put in by the tenant during his term shall remain in him with the right of removal at the end. As in the latter case the title and right of removal are lost, as we have seen, by taking a new lease without any reservation of the right of removal of the fixtures, it follows that the result in the former case must be the same.

The appellant's objections have been carefully analyzed with a view of convincing this court either that they failed to point out the true ground for refusing the testimony, or that they were not made as promptly as they should have been, by reason of which it is said the plaintiff's rights were lost. A careful examination of the record has led us to the conclusion that neither position is well taken.

Appellate courts should not be diligent in seeking a way to deprive a party of the benefit of an exception pointing out error, where it appears that the court was fully apprised of the nature of the objection. The every-day suggestion to counsel by trial judges, in the interest of expedition and orderly procedure, that one exception is as good as many, a suggestion promptly acquiesced in by the gentlemen of the profession, should not be allowed to operate as a trap to ensnare the rights of a client intrusted for protection, in all confidence, to the care and skill of chosen counsel.

The judgment should be reversed and a new trial granted, with costs to abide the event.

GRAY, BARTLETT, VANN, CULLEN and WERNER, JJ., concur; MARTIN, J., not voting.

Judgment reversed, etc.