(33 Misc. Rep. 137.)

### HAYES et al. v. SCHULTZ.

(Supreme Court, Special Term, New York County. November, 1900.)

LANDLORD AND TENANT—FIXTURES—REMOVAL.

Where a landlord and tenant agreed that a building erected on the premises by the tenant should remain his property, the subsequent acceptance by the tenant of another lease without any reservation of the tenant's right to remove the building deprived him of such right.

Suit by Isabella Madaline Hayes and others against Otto J. Schultz. Judgment for plaintiffs.

John Hardy, for plaintiffs.
Lamont & Mingey (M. E. Duffy, of counsel), for defendant.

BLANCHARD, J. This is an action brought by the plaintiffs to restrain the defendant from taking down and removing a one-story brick structure now standing in the rear of No. 820 Sixth avenue, borough of Manhattan, city of New York. These premises formerly belonged to one Stephen Hayes, and the plaintiffs hold the same as executors and trustees under his will. It appears that the said Stephen Hayes, by a lease dated March 10, 1885, let the premises in question to Otto J. Schultz, this defendant, and Charles G. A. Schultz, his brother, for the term of three years from May 1, 1885; that the said lessees were co-partners doing business under the name of Schultz Bros., and continued so to do business during the term of said letting, and for some time thereafter; that on February 24, 1891, and after the death of said Stephen Hayes, these plaintiffs, as executors of his will, let said premises to Charles G. A. Schultz for a term commencing May 1, 1891, and ending May 1, 1893; that on March 8, 1895, two of said plaintiffs, as such executors, let said premises to said Otto J. Schultz for a term of three years from May 1, 1895, and

on March 1, 1898, said two executors let said premises to said Otto J. Schultz for the term of two years from May 1, 1898. All said lettings were in writing. It appears from the evidence in the case that the defendant was in possession of the premises during all the time embraced between the beginning of the first lease and the expiration of the last one, excepting the time covered by the lease made to Charles G. A. Schultz, and during that time he occupied the premises pursuant to some arrangement made with said Charles G. A. Schultz, notwithstanding a covenant in the lease to Charles G. A. Schultz against the assignment or subletting of the whole or any part of said premises without the written consent of the lessors, which, so far as the evidence shows, was not secured. It also appears from the evidence in the case that the said Stephen Hayes shortly after the time of the first letting of the premises by him to the said Otto J. Schultz and Charles G. A. Schultz permitted said Otto J. Schultz to erect an extension in the rear of the demised premises, upon an oral understanding that the same should be and remain the property of the defendant. In pursuance of such agreement the extension in question was erected. The evidence also shows that this extension is 1 story in height, about 20 feet in length, and 15 feet in width, built of brick, with floor and roof timbers and a tin roof. It has three walls, one on each side, and one end wall; the rear wall of the main building supplying the need of the other end wall. It is entered through two windows in the main building, which have been converted into doorways. The roof of the extension, together with the walls supporting the roof, come in contact with the rear wall of the main building, but are distinct from it. In March, 1900, before the expiration of the last lease, the defendant, claiming the ownership of the extension as his personal property under the original agreement, threatened to remove it, and was restrained by a temporary injunction in this action. Plaintiffs ask that this injunction be made permanent, claiming that the extension has become a part of the realty by the failure of the defendant to remove it before the expiration of the first lease, or within a reasonable time thereafter, and by accepting subsequent leases without reserving the right to remove it, and by the interruption of his possession under the letting to Charles G. A. Schultz.

The authorities seem to sustain plaintiffs' contention. Admitting the right of defendant to remove the extension before the expiration of the first lease, or within a reasonable time thereafter, his failure to do so seems to leave him without a remedy in this action. He suffered the continuity of his tenancy to be broken by his failure to renew his lease in 1891, when Charles G. A. Schultz leased the premises. His acceptance of a new lease from the successors of Stephen Hayes in 1895, which contained no reservation of any right or claim to the extension, and did not recognize the right of the lessee to remove it, deprived him of any right of removal he may have possessed. The lease of the premises to Charles G. A. Schultz in 1891 must have included the extension then standing, and at the expiration of such term the extension, together with all other structures on the land, must have been surrendered to the plaintiffs, as owners, who thereupon entered into a new lease of the premises to defendant,

which must have included the extension in question. The questions of law here involved seem to have received considerable attention in the courts of this state, and now are well settled. The most recent decision of the court of appeals is that of Stephens v. Ely, 162 N. Y. 79, 56 N. E. 499, where the leading cases of Loughran v. Ross, 45 N. Y. 792, and Talbot v. Cruger, 151 N. Y. 117, 45 N. E. 364, have been cited and approved. In Stephens v. Ely certain additions were made by a tenant during the first term of a lease, with the understanding that such additions could be removed, the title to the same to remain in the tenant. In that case, as in this, the agreement for the additions to the premises was made subsequent to the date of the first lease, and the tenant failed to remove during the term, but entered into a new lease of the premises, in which "no reservation of the right to remove the fixtures was made, nor was the subject mentioned." Chief Justice Parker, in his opinion says:

"The legal effect of such action was to destroy the right of removal of the fixtures, which, prior to the expiration of the first term, had existed in the defendants. This subject was carefully considered by this court in Loughran v. Ross, 45 N. Y. 792, where it is declared to be the law of this state that, if a tenant continues in possession under a new lease where nothing is said as to fixtures, his right to remove fixtures is terminated; the taking of the new lease being treated as equivalent to a surrender of the premises as they existed to the landlord, and a taking of them from him in the condition in which at the end of the lease the tenant is bound to surrender them. The principle is again enunciated in Talbot v. Cruger, 151 N. Y. 117, 45 N. E. 364, in which the court says, 'A tenant may remain in possession after the old lease has expired, but, unless he reserves the right under the new lease to remove the fixtures upon the land, the right will be deemed to have been abandoned, and they will become the property of the landlord.' "

Reference has been made by defendant to the case of Devin v. Dougherty, 27 How. Prac. 455, where Judge Reynolds, of the city court of Brooklyn, seems to have held that, under similar circumstances, improvements erected by a tenant could be removed so long as he remained in possession, in spite of the fact of the expiration of the original term of letting, and of the renewal of the lease without reservation or mention of the additions to the premises. This decision was rendered in 1864, and cannot be considered as the law of this state, in view of the authoritative decisions of the court of appeals in the cases before cited. Plaintiffs are therefore entitled to judgment restraining the removal of the extension in question.

Judgment for plaintiffs.