(89 App. Div. 463.)

### NIELAND v. MAHNKEN.

(Supreme Court, Appellate Division, Second Department. December 30, 1903.)

1. LANDLORD AND TENANT—FIXTURES—REMOVAL—LEASE.
    Though a tenant, on entering into possession of premises, reserved in the lease the right to remove his trade fixtures during his tenancy, such reservation not having been contained in a subsequent lease renewing the term, he had no right at the expiration of the latter lease to remove the fixtures.

2. SAME—DAMAGES—EVIDENCE.
    Where, in an action against a tenant for removing trade fixtures, the value of the fixtures was shown by competent evidence to exceed $200, and defendant conceded the competency of most of the witnesses called to prove the value, and offered no evidence on that issue, a judgment in favor of the landlord for $15 was contrary to the weight of the evidence.

Appeal from Municipal Court, Borough of Brooklyn, Second District.

Action by Henry Nieland against Herman Mahnken. From a judgment in favor of defendant, plaintiff appeals. Reversed.

Argued before BARTLETT, JENKS, WOODWARD, HIRSCH-BERG, and HOOKER, JJ.

William J. Martin, for appellant.

Howard C. Conrady, for respondent.

HOOKER, J. The defendant was the lessee of premises into the possession of which he had first entered upwards of 20 years ago under a written lease. His evidence tends to show that soon after the commencement of that tenancy he entered into an agreement with the plaintiff, the lessor, by the terms of which he should be allowed to remove his trade fixtures during his tenancy. The lease or leases under which he held expired May 1, 1897; and on the 15th of March, 1897, the parties entered into a new lease for the term of five years from the 1st day of May, 1897, which contained the provision that, "at the expiration of the said term, the said party of the second part [lessee], will quit and surrender the premises hereby demised, in as good state and condition as reasonable use and wear thereof will permit, damages by the elements excepted." At the expiration of the lease, evidenced by the agreement of March 15, 1897, the defendant moved out, and, before the lease actually expired, removed from the premises a watering trough connected with the sewer, plate-glass windows set in the outside doors, tiling sunk in cement laid on the front window frames, plumbing screwed to the wall and fastened to pipes running within the walls, and a frame shed, in the nature of a stormhouse, built to fit the coping, and fastened to the wall of the building by hooks. It is undisputed that all this property was in the building at the expiration of the tenancy preceding that beginning May 1, 1897. This action was brought to recover for the use and occupation of the premises for a few days after the expiration of the lease, and for the value of the fixtures removed by the defendant, which was proved on the trial to be upwards of $200. The defendant did not offer any evidence to rebut the plaintiff's expert evidence in this regard.

On the trial the defendant consented that judgment might be entered against him for the sum of $10 for the use and occupation of the premises for the three days he held over after the expiration of the lease, but contested the right of the plaintiff to recover the value of the property he had taken away from him. There was received in evidence on the part of the defendant an offer he had made to the plaintiff before the commencement of this action to return the plumbing and tiling in the windows, and restore them to the condition in which they existed in the premises at the termination of the demise. The justice before whom the case was tried rendered a judgment for $25, in addition to costs, $10 of which, we think, must have been taken to represent the rent for the period of time defendant held over, and to have been rendered upon the defendant's stipulation, and $15 allowed in the judgment as the value of part of the property removed.

Even though the defendant, upon entering into possession of the premises in the first place, had reserved to himself the right to re-

move the fixtures, under the doctrine recently reiterated in Stephens v. Ely, 162 N. Y. 79, 56 N. E. 499, we think that he was without legal right to do so in this case, in view of the fact that the written lease of March 15, 1897, for the term of five years, contained no reservation of that right. The result of the trial seems to indicate that the trial court adopted a view contrary to that expressed in the Stephens Case, unless it be considered that the allowance of $15 in the judgment was to cover the value of all the property removed by the defendant. If the latter was the view the justice adopted, the judgment must be reversed, as against the weight of the evidence, for its value was proved by competent evidence to exceed $200, and the defendant even conceded the competency of most of the witnesses called by the plaintiff to prove value, and offered no evidence upon that issue himself. The judgment should be reversed, and a new trial ordered.

Judgment of the Municipal Court reversed, and new trial ordered; costs to abide the event. All concur.