(110 App. Div. 680.)

## PRECHT v. HOWARD.

(Supreme Court, Appellate Division, First Department. January 26, 1906.)

1. CONTRACTS—CONSIDERATION.

> A lease of land for 21 years contained a covenant of the lessees to erect a building thereon, and of the lessor to renew for a like term or to pay the lessees for the building. A renewal lease contained the same covenants, but provided that the third lease should contain no covenants as to renewal or payment for the building. The third lease contained no such covenants, but provided that it was in full discharge of all covenants and agreements in the second lease. On the day before expiration of the third lease the parties executed a contract reciting a consideration of $1, though nothing was paid, providing that the lessor should pay a certain sum for the building on its conveyance by the lessees. *Held*, that the lessor being the owner of the building there was no consideration for the contract.

2. ESTOPPEL—INJURY TO PARTY CLAIMING ESTOPPEL.

> Lessees not being influenced to their injury by the contract of the lessor to pay them for the building on the leased land, which belonged to her, she is not estopped to assert that the contract was without consideration.

Submission of controversy on agreed facts by Edward Precht, individually, and as executor of Eva Freund, deceased, as plaintiff, and Elizabeth S. Howard, as defendant. Judgment for defendant.

Argued before O'BRIEN, P. J., and INGRAHAM, CLARKE, LAUGHLIN, and HOUGHTON, JJ.

Edward Miehling, for plaintiff.
Lucius H. Beers, for defendant.

HOUGHTON, J. The plaintiff's assignors leased from the defendant's grantors on the 1st day of November, 1836, the premises in question, for the period of 21 years, covenanting within two years from date to erect thereon a specified kind of dwelling house. The lease contained a covenant to renew at the end of the term for another period of 21 years, or in default to pay to the lessee or assigns the fair value of the building. The dwelling house was erected, and a second lease executed for another term of 21 years; the covenant being to renew for another term of 21 years or pay the fair value of the house. With respect, however, to the terms of such further or third lease, the stipulation was as follows:

"Such new lease to contain the like covenants, provisos, conditions, and agreements as are ascertained in this present indenture, except so far as regards a further renewal of this lease and the payment of the value of any house or building that may be erected or then be standing on said premises."

The third and last lease was given on the 3d day of October, 1878, for the period of 21 years from November 1st, following, and con-

tained no covenants of renewal, nor any provision for the payment of the value of any buildings which might be standing on the premises at its expiration. In addition to the omission of this provision this last lease recited that it was given in full discharge of all covenants and agreements contained in the lease immediately preceding it. On the 30th day of October, 1899, the defendant, the then owner of the fee, and the plaintiff and his assignors, owners of the leasehold, executed a contract, referring to the several leases, and reciting that it was the mutual desire of the parties to extend the time in which the defendant "has the right to exercise her option either to grant a further renewal for 21 years, or for the purchase of the house as provided by the terms of said lease, for a period of 30 days from the 1st day of November, 1899, without prejudice of any rights to the parties hereto, under the terms of the said lease," stipulating that the value of the buildings on the premises had been agreed to be $3,900, and providing in consideration of $1 and other good and valuable considerations in hand paid, that the defendant should pay that sum upon conveyance of said buildings to her by approved title, on or before December 1, 1899, at her option. The agreement further provided that defendant should go into immediate possession (which she did, and collected the rents due for November following), and that she should pay 5 per cent. upon such stipulated sum up to the time of performance by conveyance of the buildings, and that plaintiff and her assignors should free the premises from taxes as of November 1, 1899, and pay the semiannual rent due that day as provided by the lease.

The plaintiff and her assignors tendered a conveyance of the buildings, proper in form, and demanded payment of the $3,900, and the defendant refused to pay the same or accept the conveyance, on the ground that the building was her own, and did not belong to the tenants, and that her agreement to pay therefor was without consideration, and not binding upon her. No consideration other than the nominal one specified in the agreement is claimed to have passed. Plaintiff, by assignment, holds all the interests of all the tenants, and this submission is for the purpose of determining whether or not he is entitled to recover the sum specified. We think he is not. It is quite plain that the owners of the leasehold had no interest in the building upon the premises on the expiration of the last lease. At the time the final lease was executed in 1878, the building had been erected 40 years and over, and when its period of 21 years expired it would be more than 60 years old. The second lease foreshadowed that the building standing on the land at the expiration of a third lease, if one should be given, would not belong to the owners of the leasehold; and when the last lease was in fact given no reservation was made, but it rather was expressly provided that at the end of the period the premises should be surrendered to the owner of the fee. The plaintiff's assignors took the lease knowing they must so surrender the premises, and on its expiration they had no interest in the building which they could sell or convey, and that from the plain reading of the lease we must assume they so understood the situation. Presumptively, buildings are part of the land and belong to its owner. Talbot v. Cruger, 151 N. Y. 117, 45 N. E. 364. Even where by agreement or operation

of law a tenant has the right to remove fixtures, he must exercise that right during his lease or reserve it in any renewal or his right will be lost. Stephen v. Ely, 162 N. Y. 79, 56 N. E. 499. The only embarrassment which arises is from the contract to purchase the buildings, which defendant executed. But we do not think she is bound by that. No consideration was in fact paid. She was bargaining with respect to her own property. Plaintiff's assignors had nothing to sell. They surrendered nothing on the 30th of October, 1899, which they were not bound to give up on the 1st of November following; nor did they pay any rent they were not bound to pay on that day. The defendant by her acts did not place the plaintiff or his assignors in any different position than they already occupied. They had no rights in the building to preserve between the 30th of October and the 1st day of November, for they had no rights in it at all, except to occupy it a day or two longer than they did. Nor was there any misleading, except as all were undoubtedly misled as to their legal standing and rights. Hence, no estoppel arises against defendant's position that her contract was without consideration, because she contracted to buy property which, in fact, belonged to herself, and to which the persons with whom she contracted had no title. Estoppel by act arises only where the acts are designed to and do in fact influence the opposite party to his injury if denied or withdrawn. Payne v. Burnham, 62 N. Y. 69.

The buildings on the premises owned by defendant belonged to her, and her agreement to pay for them was without consideration and is not binding upon her, and judgment must be directed in her favor, with costs. All concur.