## ROBINSON v. PRATT et al.

(Supreme Court, Appellate Division, Third Department. June 27, 1912.)

1. FIXTURES (§ 15*)—FORECLOSURE OF MORTGAGE—RIGHTS OF PURCHASER.

Where a tenant screwed to the walls of the leased room mirrors which were a part of his saloon fixtures, a purchaser at a foreclosure sale under a mortgage subsequently given acquired no rights from his purchase to prevent the tenant's removing the mirrors.

[Ed. Note.—For other cases, see Fixtures, Cent. Dig. §§ 23–29; Dec. Dig. § 15.*]

2. FIXTURES (§ 15*)—TRADE FIXTURES—REMOVAL BY TENANT.

Where a tenant who had screwed to the walls of the leased building trade fixtures which could not be removed without injury to the walls took a new lease wherein he agreed to return the premises in as good condition as they then were, damages from the elements excepted, he

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

waived his right to remove the fixtures, and they thereupon became a part of the real estate.

[Ed. Note.—For other cases, see Fixtures, Cent. Dig. §§ 23–29; Dec. Dig. § 15.*]

3. QUIETING TITLE (§ 21*)—DETERMINATION OF ADVERSE CLAIM—"INTEREST IN REAL PROPERTY"—RIGHT OF ACTION.

A defense by a tenant whereby he asserted ownership and a right to remove fixtures which had become a part of the real estate was a claim of interest in the real property within the meaning of Code Civ. Proc. § 1638, relating to actions to compel the determination of claims to real property.

[Ed. Note.—For other cases, see Quieting Title, Cent. Dig. §§ 51–53; Dec. Dig. § 21.*

For other definitions, see Words and Phrases, vol. 4, pp. 3692–3709; vol. 8, p. 7691.]

Betts, J., dissenting.

Appeal from Special Term, Chemung County.

Action by Emma A. Robinson, as trustee, against David M. Pratt and another, as executors. From a judgment dismissing plaintiff's complaint, plaintiff appeals. Reversed, and new trial granted.

Argued before SMITH, P. J., and KELLOGG, HOUGHTON, and BETTS, JJ.

D. C. Robinson, of Elmira, for appellant.
Richard H. Thurston, of Elmira, for respondents.

KELLOGG, J. The plaintiff is the owner of the premises 158 Lake street, Elmira, N. Y., and the defendants are the executors of the late tenant. A former owner leased the premises to the testator in 1892, and soon after the leasing the tenant erected in the barroom plate glass mirrors along one side of the wall. A wainscoting extended about four feet from the floor. Upon this was a wooden band, and then the mirrors extended up five or six feet. The wall is plastered above the mirrors ·with cornice and frescoing. The mirrors do not extend entirely to the ceilings. The wall is brick. Blocks were inserted between the bricks, and the frames of the mirrors are attached to these blocks by screws, and the glass sets in the frame back against the wall. The joints around the edges are cemented and the mirrors form a part of the finish of the room. They extend along the entire north wall, which is from 40 to 50 feet in length. In repairing the building some of the mirrors were taken down carefully, and the finish of the plaster on the brick wall came off, leaving the wall damaged. Where a plastered wall is damaged by pieces coming out, it is difficult to repair it so it will not be noticed· without refinishing the whole wall.

[1] Shortly before or after the lease and the erection of the mirrors, a mortgage was executed upon the premises, which was foreclosed, and the plaintiff derives title through the foreclosure sale. The mirrors evidently were removable by the tenant during the lease as trade fixtures, and their character as such was not destroyed by

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes·

the foreclosure.  McFadden v. Allen, 134 N. Y. 489, 32 N. E. 21, 19 L. R. A. 446.

[2] The testator took a new lease of the premises in April, 1907, after the mortgage sale, for a term of five years, expiring April 30, 1912, in which he agreed at the expiration of the term to surrender the premises to the plaintiff "in as good condition as now, necessary wear and damage by the elements excepted." He died in December, 1907, and February 3, 1908, one Falsey, who had been in the employ of the testator for 15 years in the saloon, became the tenant of the plaintiff, continuing the saloon business in the premises. The evidence does not show how Falsey became a tenant, whether by assignment of the intestate's lease, or whether that lease was surrendered and a new one taken. When Falsey entered into possession, he purchased of the defendant the bar fixtures and furniture, and that contract provided that, if it was adjudged that the defendant owned the mirrors, Falsey was to retain and pay for them. In taking a new lease and agreeing to return the premises in as good condition as they were then in, necessary wear and damage by the elements excepted, the testator waived his right to remove the fixtures, and they thereupon became a part of the real estate. Stephens v. Ely, 162 N. Y. 79, 56 N. E. 499.

[3] In asserting ownership and a right to remove the fixtures which had become a part of the real estate, the defendant may be considered as claiming an interest in the property under section 1638 of the Code of Civil Procedure. St. Stephen's Church v. Church of Transfiguration, 201 N. Y. 1, 94 N. E. 191, Ann. Cas. 1912A, 760.

The judgment should therefore be reversed upon the law and the facts and a new trial granted, with costs to the appellant to abide the event. All concur, except BETTS, J., dissenting; LYON, J., not sitting.