HARRY BARTH, as Sole Surviving Partner of the Firm of L. BARTH & SON, Respondent, *v.* G. W. KOCH & SON, INC., and Others, Appellants.

First Department, October 20, 1922.

Landlord and tenant — fixtures — action to restrain removal of blower system installed in building by one of defendants when tenant of entire building — order granting temporary injunction affirmed — said defendant allowed lease to expire without removing blower system — plaintiff leased entire premises and sublet part to said defendant who did not reserve right to remove blower system which was thereafter used by plaintiff and other subtenants — blower system could be removed without damage to building — owners of building make no claim to blower system — loss to plaintiff and other tenants by removal greater than loss to defendants by retention.

In an action to restrain the removal of a blower system from a building, which system was installed by one of the defendants while he was a lessee of the entire building, an order granting a temporary injunction will be affirmed, where it appears that said defendant allowed his lease to expire and sublet two floors from the plaintiff, who had leased the entire building, without reserving the right to remove the blower system which was thereafter used by the plaintiff and the other subtenants, although it further appears that the blower system can be removed without damage to the building, that the owners of the building lay no claim to it and that the right of the plaintiff to retain it is not clear, for in view of the fact that the temporary injunction is safeguarded by a bond that would afford the defendants full compensation, the loss to the plaintiff and other tenants by the removal of the blower system would be greater than the loss to the defendants by its retention.

APPEAL by the defendants, G. W. Koch & Son, Inc., and others, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 8th day of May, 1922, granting a temporary injunction restraining the defendants during the pendency of an action for a permanent injunction from removing a blower system from certain premises in the city of New York.

*Frederic H. McCoun*, for the appellants.

*Edward W. Drucker*, for the respondent.

PAGE, J.:

For some years prior to 1920 one Frank Koch was a tenant of the entire building at 537–547 West Fifty-third street, New York city, where he manufactured parquet flooring. Just prior to the termination of his lease the plaintiff entered into a lease with the owners of the building, and Frank Koch, who did business as G. W. Koch & Son, Inc., thereupon entered into a lease whereby

he sublet from the plaintiff the second and third floors for a term commencing May 1, 1920, for one year, which was subsequently renewed for a term expiring April 30, 1922. The controversy in this case relates to a blower system which Koch installed twenty-two years ago at his own expense and for his own use. This system consisted of large iron pipes running from the inside of the building to the main outlets on every floor, and thence into the basement and to a large bin in the boiler room. These pipes were also connected by a pipe running from the inside of the building through and to the outer wall where a " cyclone blower " was fastened to the building. This system was employed for the purpose of taking dust, sawdust and shavings from the different floors of the building. When Koch renewed his lease for a portion of the premises he made no reservation of the right to remove this blower system and the same continued to be used by the plaintiff and the other subtenants. When the lease of G. W. Koch & Son, Inc., was about to expire, the defendant and plaintiff had some correspondence wherein the plaintiff at first stated that he had no objection to the removal of the blower system. Then defendant offered to sell it to plaintiff for $1,000. Plaintiff replied that he would be willing to purchase it if he continued to manufacture at the same place, but that he was intending to remove his factory to Kingston, N. Y., whereupon defendant wrote that unless the plaintiff purchased the blower system for $1,000 defendant would remove the same. The plaintiff replied forbidding the removal of the system, claiming the right to possession under his lease.

The question which arises on this appeal, therefore, is whether on the expiration of Koch's lease for the entire five-story and basement building, and taking a new lease for only two of the floors, without reserving the right to remove the blower system, the same became a part of the building and the property of the owner, the right to use which passed to the plaintiff under his lease of the entire building. There can be no doubt that Koch at the expiration of his lease could have removed the blower system, for it could be removed without damage to the building the same as the other machinery. But when his lease expired and he took a new lease without reservation of the right to remove, a serious question is presented. The lease to plaintiff expressly leased the building " together with boilers, motors, engines, machinery, plumbing works, heating, gas and service pipes, stop cocks, meters, piping and any and all shafting, belting, elevators, apparatus and fixtures in and upon said premises." Therefore, if this blower system had become a part of the freehold, it passed for the term of the lease to the plaintiff.

In *Loughran* v. *Ross* (45 N. Y. 792) the Court of Appeals distinctly held that where the tenant had a right to remove fixtures erected by him on the demised premises, yet if he accepted a new lease of the premises, including such fixtures, without reservation or mention of any claim to them, and entered upon a new term under the new lease, he lost the right of removal even though his possession had been continuous. In the *Loughran* case the tenant had erected a building which, under the terms of the lease, he could remove prior to the expiration of the lease. In commenting on that case the court said in *Lewis* v. *Ocean Navigation & Pier Co.* (125 N. Y. 341, 350): "The decision in that case was placed upon quite technical reasoning, supported it is true by some authorities, but it is not one of those cases whose principle should be extended."

And Mr. Justice LAUGHLIN, writing for this court in *Bernheimer* v. *Adams* (70 App. Div. 114, 123), said: "We think the *Loughran* case should further be limited, and that it should be deemed not applicable to trade fixtures, not distinctively realty, designed to retain their character as personal property and capable of removal without material injury to the freehold."

Therefore, if Koch had renewed the lease for the entire building, it would appear that defendant would have the right to remove this blower system. But when he relinquished three floors of the building on which a large part of this system was installed and others entered into possession of and used the system in common, was that such an abandonment as deprived the defendant of the right to remove? The question is further complicated by the fact that the owners of the building do not claim these fixtures. On April 2, 1921, the following letter was written to the defendant:

"Replying to your letter of the 29th ult., relative to the blower and exhaust system (used for drawing the shavings from the machines) previously installed by you in the premises 537 to 547 West 53rd Street during the term of your lease, which expired on May 1st, 1920, we understand that this equipment was installed by you at your own expense and that the same is movable apparatus and fixture.

"Under these circumstances, we beg to advise that we do not claim ownership in said apparatus and equipment and, therefore, we will have no objection to the removal thereof provided such removal shall not interfere with any rights which the present tenant or any other person or firm may have acquired to said apparatus and equipment or the use thereof, and provided further, that upon any such removal you will make good any damages to the premises caused thereby and restore the premises in the

same or in as good condition as they were before the installation of said apparatus."

Whether a fixture is removable or not is largely a question of intent. In this case we have the owners and the tenant both declaring that it was not the intent that the fixtures should become a part of the realty. The letter of the landlord, however, was written nearly a year after the owner had given the lease to plaintiff, and the permission to remove the fixtures was qualified with the proviso that such removal should not interfere with any rights that the plaintiff and his other subtenants might have acquired. Thus it appears that the right of the plaintiff to retain this blower system is not clear, and possibly money damages would be compensatory; nevertheless we are of opinion that the injunction *pendente lite* was properly granted, safeguarded as it was by a bond that would afford the defendants full compensation, if they were compelled to install a similar system in the premises to which they removed. The inconvenience and loss which the plaintiff and the other tenants would suffer would be very much greater by reason of the removal than would be inflicted on the defendants by its retention.

The order should, therefore, be affirmed, without costs.

CLARKE, P. J., DOWLING, SMITH and MERRELL, JJ., concur.

Order affirmed, without costs or disbursements.