DAVID DIAMOND and Others, Plaintiffs, *v.* ART CONTRACTING COMPANY, INC., and Others, Defendants.

Supreme Court, Kings County, February 1, 1933.

*Herman Wolkinson*, for the plaintiff.

*Elais Feinsod* and *Freda Feinsod*, for defendant Art Contracting Company, Inc.

*Machlis & Harris*, for defendant congregation.

NORTON, J. It appears that the defendant Avenue U Educational Center of the Anshe Shelon Congregation of Flatbush, Inc., is a religious corporation owning and conducting a synagogue at 2066 East Ninth street in the borough of Brooklyn. Between August 16, 1930, and September 17, 1930, the defendant Art Contracting Company, Inc., under an agreement with the above religious corporation, performed certain work, labor and services and furnished materials for the construction and installation of benches and pews in the synagogue. Subsequently the Art Contracting Company, Inc., brought an action against the religious corporation for moneys claimed to be due under the contract, and recovered a judgment against the latter in the sum of $756.70. Thereafter and on or about November 29, 1932, an execution was given to the sheriff of Kings county commanding him to satisfy the judgment out of any property of the religious corporation.

Plaintiffs claim to be the assignees of a certain bond and mortgage which is alleged to be a first lien on the premises owned by the synagogue " and all the lots, pieces, parcels of land, buildings and improvements thereon erected." They instituted an action against the religious corporation, the Art Contracting Company, Inc., and the sheriff of Kings county to restrain them from detaching, severing, or levying an execution on the pews in the synagogue. Plaintiffs contend that the effect of the sale by the sheriff of the pews would be to impair the security covered by their mortgage.

Counsel for plaintiff mortgagee contends that pews in a house of worship are intrinsically realty, and, therefore, subject to the lien of the mortgage. Counsel for the judgment creditor, on the other hand, contends that pews are personalty, and in consequence may be levied upon in spite of the opposition of the mortgagee.

The term " pews " seems to have had its origin in the Dutch " puye," and to denote a seat inclosed in a religious edifice. In England, prior to the Reformation, all parishioners were entitled to use the body of the church, but the right to separate seats or pews did not exist, save possibly in the case of a few favored exceptions. Subsequently, however, the right thereto was given to parishioners by the bishops, and any matter regarding the same was adjudicated in the ecclesiastical courts. The owner of a pew under the English doctrine was vested with an easement. (*Shaw* v. *Beveridge*, 3 Hill, 26.) In this State, however, the nature of a pew is not clearly defined. Thus in one of the early cases it was stated that " although

the interest acquired in a pew in a church is a limited and qualified interest, it is notwithstanding an interest in real estate, and requires a writing to support it if the interest extends beyond a lease for one year." (*Trustees of First Baptist Church of Ithaca* v. *Bigelow*, 16 Wend. 28, 32.) Again, it has been pointed out that "the grant of a pew in perpetuity does not give to the owner an absolute right of property, as in a grant of land in fee. The grantee is only entitled to the use of the pew, for the purpose of sitting therein during divine service. * * * But the owner of the pew may maintain case, trespass or ejectment, according to the circumstances, if he is improperly disturbed in the legitimate exercise of his legal right to use his pew for that purpose." (*Elder or Minister, Deacons and Trustees of the First Baptist Church in Hartford* v. *Witherell*, 3 Paige, 296, 302.) Elwell, in his Law Fixtures (2d ed. p. 325), points out that in the absence of statutes affecting the question, a pew is considered to be in the nature of realty. In this State there is but one statutory declaration upon the subject. Section 665 of the Civil Practice Act mentions "a seat or pew occupied by the judgment debtor or the family in a place of public worship" as being personalty exempt from levy and sale by virtue of an execution. I do not think, however, that that section is to be construed as indicating a legislative intent to include all pews within the category of personal property. Rather, I think it was intended to provide an exception to a pewholder, even though his right in the pew consisted merely of personal property. In the final analysis, however, the character of the right conveyed to the pewholder would depend in any particular case basically upon such construction as might be placed upon the instrument creating the user.

Such right, however, as might be raised by the pewholders against the congregation or against a party claiming under the congregation are immaterial upon the present motion since the pewholders are not parties. The issue herein is solely between the mortgagee of the synagogue property on the one hand, and the religious corporation and its judgment creditor on the other. The proposition must in consequence be determined not upon proof defining the nature of the property held by the pewholders. Rather, consideration must be given to the question as between the mortgagee and the judgment creditor claiming under the mortgagor, whether the pew seats upon their annexation to the building have, in fact, become realty.

In the determination of questions of this kind, when the same have arisen between grantor and grantee, or mortgagor and mortgagee, the controlling element upon which the courts predicate their conclusion is a consideration of the character and the purpose

of the annexation and the intent with which it is made. If the owner intended a permanent accession and the thing annexed is appropriate to the use to which the realty is put, the chattel will be considered as having become a part of the land. (*Potter* v. *Cromwell*, 40 N. Y. 287; *McRea* v. *Central National Bank of Troy*, 66 N. Y. 489; *Matter of City of New York* [*Hawkstone Street*], 137 App. Div. 630; affd., 199 N. Y. 567; *Barth* v. *Koch & Son*, 203 App. Div. 62.) In the requirement of an intention to make the article annexed a permanent accession to the realty, the expression " permanent " does not imply that the annexation must be intended to be perpetual. It is sufficient that it be contemplated that the article shall remain where fastened until worn out or until it is " superseded " by another article more suitable for the purpose. (*New York Security & Trust Co.* v. *Saratoga Gas & Electric Light Co.*, 88 Hun, 569, at p. 592; affd., 157 N. Y. 689.) In *Pike* v. *Naylon Securities Co.* (140 Misc. 734) seats in a theatre were held to have become a part of the realty such as would pass under a deed or mortgage. A like conclusion was reached in *Bender* v. *King* ([C. C.] 111 Fed. 60; affd., [C. C. A.] 116 id. 813; certiorari denied, 187 U. S. 643). The evidence in each of those cases indicated an intention on the part of the owner to make a permanent accession. Although I am unable to draw any basic distinction between seats in a theatre building and seats in a house of worship, nevertheless, in the present case plaintiff has failed to allege a single fact, either in the complaint or in the supporting affidavits, which would justify the conclusion reached in the above cases. It is true that in the brief submitted by plaintiff there are contained recitals relating to the adaptability of the pew seats to the purpose of the realty. Nevertheless, such recitals can be given no probative effect. It is also true that the complaint and supporting affidavits set forth that the pews have been sold to various pewholders. Such fact, however, as pointed out before, is immaterial in determining the rights between the mortgagee and the judgment creditor. In the absence of allegations indicating that under the circumstances the intention of the mortgagor was to make a permanent accession to the realty, plaintiff has failed to make out a case warranting the relief sought.

The motion, therefore, will be denied.